HISTORIC HOUSE MUSEUM CORP., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3179–76.     Filed April 5, 1978.

Boyd Eugene Taylor (an officer), for the petitioner.
*Edward P. Phillips*, for the respondent.

OPINION

TANNENWALD, *Judge:* Respondent determined deficiencies in petitioner's excise tax liability under section 4940[1] for years and in amounts as follows:

| Year | Amount | Year | Amount |
|------|--------|------|--------|
| 1970 | $52.95 | 1972 | $89.65 |
| 1971 | 91.61 | 1973 | 97.84 |

The issue for decision is the amount of expenses, if any, which petitioner is entitled to deduct from its gross investment income under section 4940(c) in arriving at its net investment income subject to tax under section 4940(a).

This case was originally docketed as a small tax case pursuant to section 7463. Subsequently, it was determined that, since the issue to be decided involved a tax liability imposed by a provision

---

[1] All section references, unless otherwise indicated, are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.

of subtitle D, it was not within the category of cases covered by section 7463.[2] Accordingly, the case was ordered removed from the small tax case procedures.

All of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference.

Petitioner is a private foundation under section 509(a). It filed its tax returns for the years in question with the Internal Revenue Service Center at Chamblee, Ga.

Petitioner was established for the purpose of acquiring, restoring, and preserving historic houses on a nonprofit basis. It maintained the home of Col. L. P. Grant during the taxable years involved. The home of Colonel Grant is located in Atlanta, Ga., and the approximate date of its construction was 1850. Colonel Grant is the person for whom Grant Park in Atlanta was named.

Petitioner earned gross investment income from interest as follows:

| Year | Amount | Year | Amount |
|------|--------|------|--------|
| 1970 | $1,323.82 | 1972 | $2,241.45 |
| 1971 | 2,290.31 | 1973 | 2,437.21 |

No expenses were paid or incurred in earning or collecting the foregoing gross investment income.

In each taxable year at issue, amounts in excess of its income were expended by petitioner for maintenance expenses and taxes in connection with the Colonel Grant home. On its return, petitioner claimed deductions for such items and reported no excise tax due. The respondent disallowed the claimed deductions.

Section 4940(a) imposes upon a private foundation an excise tax equal to 4 percent of its net investment income. Subsection (c)(1) defines "net investment income" as the amount by which the foundation's gross investment income exceeds the deductions allowed by paragraph (3) of subsection (c) and provides that "Except to the extent inconsistent with the provisions of this section, net investment income shall be determined under the principles of subtitle A." Subsection (c)(2) defines "gross

---

[2]Sec. 7463(a) by its terms is confined to cases involving taxes imposed by subtitle A and chapters 11 and 12.

investment income" as "the gross amount of income from interest, dividends, rents, and royalties." Subsection (c)(3)(A) provides for the allowance as a deduction of "all the ordinary and necessary expenses paid or incurred for the production or collection of gross investment income or for the management, conservation, or maintenance of property held for the production of such income."

Section 53.4940–1(e)(2)(iv), Foundation Excise Tax Regs., provides—

> (iv) The deduction for expenses paid or incurred in any taxable year for the production of gross investment income earned as an incident to a charitable function shall be no greater than the income earned from such function which is includible as gross investment income for such year. For example, where rental income is incidentally realized in 1971 from historic buildings held open to the public, deductions for amounts paid or incurred in 1971 for the production of such income shall be limited to the amount of rental income includible as gross investment income for 1971.

Petitioner posits many of its arguments on the fact that requiring it to pay an excise tax on the amount of the disallowed expenses will deplete the funds with which it expects to maintain its property until such time as it "will yield rental income from paid admissions after restoration." We consider most of petitioner's arguments irrelevant to the issue at hand. To the extent that petitioner's position is relevant, it involves an attack on respondent's regulation, grounded on the assertion that the regulation exceeds the statutory authority. We find it unnecessary to determine whether, under any and all circumstances, respondent's regulation is valid. Such a task would involve the question of whether the thrust of sections 183 (in respect of all taxable years before us) and 277 (in respect of the 1971, 1972, and 1973 taxable years)[3] should be encompassed within the phrase "principles of subtitle A" contained in section 4940(c)(1) and, if so, the correlation of that conclusion with the provision of respondent's regulations under section 212 (the language of which is tracked by section 4940(c)(3)(A) that the term "income" may include "income which the taxpayer * * * may realize in subsequent taxable years." Sec. 1.212–1(b), Income Tax Regs.

---

[3]Compare *Adirondack League Club v. Commissioner*, 55 T.C. 796 (1971), affd. per curiam 458 F.2d 506 (2d Cir. 1972). Compare also *American College of Physicians v. United States*, 530 F.2d 930 (Ct. Cl. 1976), and particularly n. 5 at 933.

The difficulty in this case is that there is no evidence that any of the expenses which petitioner seeks to deduct is in any way related to the possibility of earning future income by way of "interest, dividends, rents, and royalties." Cf. *Julia R. & Estelle L. Foundation v. Commissioner*, 70 T.C. 1 (1978). Potential future admission fees do not fall within any of these categories. They are not "rents," since they would not be paid for "the occupancy of real estate or the use of personal property." See sec. 1.61–8, Income Tax Regs.

We view the reference to "rental income * * * from historic buildings held open to the public" in the illustration contained in section 53.4940–1(e)(2)(iv), Foundation Excise Tax Regs. (see p. 14 *supra*), as encompassing rents received for the use of a portion of such a building, e.g., a gift shop, rather than income from admission fees.

Accordingly, insofar as the factual situation herein is concerned, respondent's regulation cannot be said to be unreasonable and therefore is sustained. Cf. *Bingler v. Johnson*, 394 U.S. 741 (1969); *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496 (1948).[4]

*Decision will be entered for the respondent.*

---

[4] There is evidence of record that petitioner's right to exempt status under sec. 501(c)(3), and therefore sec. 501(a), was open to question in some, if not all, of the years before us. But that issue has not been raised herein and we express no opinion with respect thereto. We note, however, that taxable private foundations are subject to the excise tax on net investment income. See sec. 4940(b).