ROSE GOLDSTEIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
GOLDSTEIN v. COMMISSIONER
Docket No. 769-78.
United States Tax Court
T.C. Memo 1978-480; 1978 Tax Ct. Memo LEXIS 37; 37 T.C.M. (CCH) 1849-43; November 29, 1978, Filed Rose Goldstein, pro se. Edward Hubbard, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Lehman C. Aarons, pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE AARONS, Special Trial Judge: The respondent determined a deficiency in the petitioner's federal income tax for the year 1975 in the amount of $459.29. The issues before *39 the Court are (1) the deductibility, under section 219, of $1500 contributed to an individual retirement account and (2) the liability for an excise tax of 6% (i.e. $90) for an "excess contribution" to an individual retirement account, under section 4973. Petitioner resided in Skokie, Illinois at the time her petition was filed herein. She filed a timely return for 1975. The petition was filed under the small tax case procedures set forth in section 7463. But since one of the issues (i.e. the excise tax issue) involved a tax imposed by subtitle D, it was not within the category of cases covered by section 7463 (i.e. income, gift and estate tax cases). Accordingly, the case was ordered removed from the small tax procedures. See, Historic House Museum Corp. v. Commissioner,70 T.C. 12 (1978). Most of the facts were stipulated by the parties. The stipulation of facts, including exhibits attached thereto, are incorporated herein by reference. During 1975 petitioner was employed by Development Corporation for Israel of Chicago, Illinois as a clerk. In May, 1975, Development Corporation for Israel adopted a pension plan which was qualified under section 401(a) *40 of the Code. Petitioner was an active participant in the plan during 1975. Development Corporation for Israel made the required contributions to the plan on behalf of the employees covered by the plan. In January, 1975, petitioner had opened an individual retirement account with the Metropolitan Life Insurance Company and deposited $1,500 to the account. In January, 1975 Development Corporation for Israel had maintained a severance pay arrangement for its employees. The severance pay arrangement was not a qualified plan under section 401(a) of the Code. Respondent disallowed petitioner's claimed deduction for her $1,500 deposit to an IRA under the provisions of section 219(b)(2), which reads, in part: * * * No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year-- (A) he was an active participant in-- (i) a plan described in section 401(a) * * * The statutory language is clear and the stipulated facts bring this case squarely into the area in which Congress thus prohibited a deduction. [3] In these circumstances the Court has recently applied the prohibition against a deduction set forth in section 219(b)(2) *41 and sustained the applicability of the 6% excess contributions penalty under section 4973(a). Orzechowski v. Commissioner,69 T.C. 750 (1978), on appeal (2d Cir., April 21, 1978). Petitioner's main contention is that she raised the question with representatives of the local District Director's office, and was advised "to hold on" to her IRA. Petitioner does not claim that she created her IRA in the first instance relying upon any such advice. In any event, unfair as it sometimes may appear to taxpayers, erroneous legal advice is not binding on the Commissioner of Internal Revenue. Fortugno v. Commissioner,41 T.C. 316, 323-324, affd. 353 F.2d 429 (3d Cir. 1965); Neri v. Commissioner,54 T.C. 767 (1970). See also Shaw v. Commissioner,T.C. Memo. 1975-365. We have no alternative here but to sustain respondent's determination. [4]
*42 In accordance with the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Cf. Pervier v. Commissioner,T.C. Memo. 1978-410↩, in which an IRA contributor was denied a deduction under section 219 because he became an active participant in a qualified plan on the last day of the taxable year.
4. After trial of this case, the Court received from petitioner a letter in which she stated her understanding that if she elected to take the proceeds of her pension plan in a lump sum, her individual retirement account "would be considered as valid." Petitioner further stated her willingness to agree to take the proceeds in a lump sum. The Court referred the letter to respondent, and we agree with respondent that no provision of the Code provides for retroactive validation of the IRA contribution in question. It seems clear that any agreement for lump sum distribution would not change the fact that she was an active participant in a qualifying plan during 1975.↩