JOHN F. and JOYCE A. FOULKES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Foulkes v. Comm'r
Docket No. 2187-78.
United States Tax Court
T.C. Memo 1978-498; 1978 Tax Ct. Memo LEXIS 17; 37 T.C.M. (CCH) 1851-47; December 14, 1978, Filed John F. Foulkes, pro se. Edward Hubbard, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION This case was assigned to and heard by Special Trial Judge Lehman C. Aarons, pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *19 OPINION OF THE SPECIAL TRIAL JUDGE AARONS, Special Trial Judge: Respondent determined a deficiency in petitioners' federal income tax, for the year 1975, in the amount of $496. The issues before the Court are (1) the deductibility, under section 219, of $1500 contributed to an individual retirement account and (2) the liability for an excise tax of 6% (i.e. $90) for an "excess contribution" to an individual retirement account under section 4973 (which sum is included in an overpayment claimed by petitioner). A medical expense adjustment turns automatically upon the resolution of these issues. John F. Foulkes (hereinbelow "petitioner") and his wife, Joyce A. Foulkes, resided in Elmhurst, Illinois at the time they filed their petition herein. They filed a timely return for 1975. The petition was filed under the small tax case procedures set forth in section 7463. But since one of the issues (i.e. the excise tax issue) involved a tax imposed by subtitle D, it was not within the category of cases covered by section 7463 (i.e. income, gift and estate tax cases). Accordingly, the case was ordered removed from the small tax procedures. See, Historic House Museum Corp. v. Commissioner,70 T.C. 12 (1978). *20 Most of the facts were stipulated by the parties. The stipulation of facts, including exhibits attached thereto, are incorporated herein by reference. Petitioner had been employed by S&C Electric Company of Chicago (S&C) as an electrical engineer from November 1970 to May 1975. S&C had a qualified, non-contributory pension plan within the meaning of section 401 of the Code. Petitioner was "covered" by such plan during the course of his employment with S&C. During 1975, S&C made the required payments to the pension plan trust on behalf of the covered employees. When petitioner terminated his service with S&C in May 1975 his benefits under the pension plan were forfeited in accordance with the terms of the plan. After such termination in May 1975, petitioner was employed by a firm of architects and engineers which did not have any qualified deferred compensation plan for its employees. In December, 1975 petitioner opened an individual retirement account (IRA) with Elmhurst Federal Savings and deposited $1500 to the account. Respondent disallowed petitioner's claimed deduction for his $1500 deposit to an IRA under the provisions of section 219(b)(2), which reads, in part: *21 * * * No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year-- (A) he was an active participant in-- (i) a plan described in section 401(a) * * * Petitioner, although admitting that he was "covered" by the S&C plan for part of 1975, claims that he was not an "active participant". He bases this claim primarily upon the last sentence of subparagraph (A) of proposed Reg. § 1.219-1(c)(1)(ii). Subparagraph (A) reads as follows: (ii)(A) For purposes of this section, the term "active participant" means, except as provided in paragraph (c)(1)(ii)(B), of this section, an individual who is a participant in a plan described in paragraph (b)(2)(i)(A) of this section and for whom, at any time during the taxable year, (1) Benefits are accrued under the plan on his behalf, (2) The employer is obligated to contribute to or under the plan on his behalf, or (3) The employer would have been obligated to contribute to or under the plan on his behalf if any contributions were made to or under the plan. For purposes of the preceding sentence, a participant includes an individual regardless of whether or not his benefits under *22 the plan are nonforfeitable (within the meaning of section 411). In applying paragraphs (c)(1)(ii)(A) (2) and (3) of this section if an employer is or would have been obligated to contribute an amount on behalf of the individual with respect to a plan year of the plan which includes any portion of the taxable year of the individual, such individual shall be considered an active participant during such taxable year. However, for any taxable year of an individual in which there have been no contributions and there has been a complete discontinuance of contributions under a plan under which such individual is covered, such individual shall not be considered an active participant. It is petitioner's contention that the last sentence is applicable because after termination of his service in May, 1975 there was a complete discontinuance of contributions as to him. We do not agree that the last sentence can be given the sweeping meaning attributed to it by petitioner. To so construe the sentence would negate the applicability of section 219(b)(2) of the Code to all cases of terminated employees whether or not there has been any accrual of benefits (albeit such benefits are forfeited *23 on termination) during the taxable year. The last sentence of the quoted regulation, in our view, is addressed to the termination of all contributions under a plan--not to the discontinuation of contributions as to a separated employee. Aside from the fact that petitioner's interpretation would render the statutory prohibition of deductions nugatory as to all terminated employees, regardless of accrual of benefits, our view is supported by H. Rept. No. 93-807, to accompany H.R. 12855 (Pub. L. No. 93-406) 129 (1974) which states: * * * an individual is not to be considered an active participant in a plan after his employer has completely terminated contributions under the plan, even though the trust continues to provide benefits for the individual.
This language demonstrates that Congress was thinking of a complete termination of contributions as to all employees, and a freezing of the trust for the purpose of providing future benefits. No such situation occurred in 1975 with respect to S&C. [3]
*24 Petitioner also contends that he does not qualify as an "active participant" within the meaning of the first sentence of the above quoted regulations. However, it is clear to us that petitioner falls into at least one of the alternative categories set forth therein. The regulations provide that an active participant is a participant for whom at any time during the taxable year, benefits are accrued or for whom the employer is obligated to contribute to the plan. The fact that petitioner's pension benefits were later forfeited does not mean that benefits were not accrued on his behalf early in 1975. The stipulation states that petitioner was "covered" by the plan and that during 1975 S&C made the required payments "on behalf of said covered employees." Beyond this, there is nothing in the record of this case which would permit a finding that no benefits under the plan were accrued, in 1975, on petitioner's behalf prior to his May 1975 separation. Al that we know positively here is that petitioner was a covered employee up to the date of his May 1975 separation, and that all of his benefits were forfeited on his separation. The second sentence of the above regulations states that *25 a "participant" includes a person whose benefits are forfeitable. In our view these regulatory provisions are consistent with section 219(b)(2), and on the record herein we find it impossible to escape the conclusion that petitioner was an "active participant" in the S&C plan until termination of his service in May 1975.
In these circumstances, we conclude that under the stipulated facts, petitioner's claimed deduction is barred by section 219(b)(2), and that, in accordance with this Court's holding in Orzechowski v. Commissioner,69 T.C. 750 (1978), on appeal (2d Cir., April 21, 1978) the excise tax under section 4973 is accordingly applicable. [4]
*26 In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. The difficulties inherent in this case are not alleviated by the sentence in the Committee Report referred to above, stating (at p. 129): "An individual generally is not to be considered to be an active participant in a plan after he has separated from the service with a vested interest in the plan." We believe that "after", as used in that sentence, means "in a taxable year after." Otherwise the sentence cannot be reconciled with the definition of "active participant" as any employee for whom at any time during the taxable year, benefits are accrued, regardless of forfeitability. See also Reg. § 1.219-1(c)(1)(ii)(B)(2), which states that an individual is not an active participant in a taxable year after his separation, and before he resumes service covered under the plan, whether or not he has nonforfeitable rights under the plan.↩
4. Petitioner complains that assessment of the excise tax in this case would be "a gross miscarriage of justice" and suggests that a sensible and just treatment for the IRA he established would be to tax it as a savings account. Such arguments are more properly addressed to Congress, which is responsible for writing the laws, than to this Court. As the Court wrote in Orzechowski v. Commissioner,69 T.C. 750, 757 (1978), Even if we were convinced that a different scheme of sanctions would be fairer or more appropriate, it is not for us to substitute our judgment for that of the Congress. In the absence of a constitutional objection, our responsibility is to carry out the legislative purpose which has been clearly set forth. We are powerless, in light of Orzechowski, to grant petitioner's request for what is essentially equitable relief. Hays Corp. v. Commissioner,40 T.C. 436, 442-443, affd. 331 F.2d 422↩ (7th Cir. 1964).