JOSEPH F. TALLON and MARTHA F. TALLON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tallon v. Commissioner
Docket No. 2345-78.
United States Tax Court
T.C. Memo 1979-423; 1979 Tax Ct. Memo LEXIS 100; 39 T.C.M. (CCH) 352; T.C.M. (RIA) 79423; October 11, 1979, Filed Joseph F. Tallon, pro se. Maurice W. Gerard , for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Chief Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency in the petitioners' Federal income tax for the year 1975 in the amount of $413.70. This amount was comprised of $323.70 attributable to the disallowance of a deduction of $1,500 claimed by petitioners as a contribution to an individual *102 retirement account and $90 attributable to the excise tax of six percent imposed on excess contributions to individual retirement accounts. The deduction claimed for the contribution to the individual retirement account (hereinafter referred to as IRA) was disallowed because petitioner Joseph F. Tallon (hereinafter referred to as petitioner) was on active duty with the United States Army and was, thus, covered for part of the year 1975 by a qualified retirement plan. The petitioners have conceded that they are not entitled to a deduction for a contribution to an individual retirement account during the year 1975. This leaves for decision only the question of whether petitioners are liable for the excise tax of six percent (i.e., $90) on an "excess contribution" to an IRA, under section 4973. The petition in this case was filed under the small tax case procedures provided for in section 7463. However, since the only disputed issue involves a tax imposed by subtitle D of the Internal Revenue Code of 1954, it is not within the category of cases covered by section 7463. Accordingly, an order was issued removing this case from the procedures applicable to small tax cases. See Historic House Museum Corp. v. Commissioner, 70 T.C. 12 (1978). *103 Many of the facts in this case were stipulated by the parties. The stipulation of facts, including exhibits attached thereto, is incorporated herein by this reference. Petitioners filed a timely Federal joint income tax return for the year 1975. At the time the petition herein was filed, they resided at 207 Brailsford, Summerville, South Carolina. Petitioner served in the United States Army for five and one-half years. He received notice in 1973 that he was going to be discharged. However, because of wounds received while on duty in Viet Nam, his discharge was delayed until June 2, 1975, when he was discharged with the rank or captain. In September 1975, petitioner entered the graduate program in the School of Business Administration at the University of South Carolina, which he attended through May 1976. In November 1975, petitioner commenced working, on a part-time basis, with Kansas City Life Insurance Company, although he did not realize any income fromthis source until 1976. In this employment, he was not covered by any pension or retirement plan. In the latter part of 1975, petitioner established an "individual retirement account" (IRA) with Kansas City Life Insurance *104 Company and made a contribution of $1,500 to it. This amount was claimed as a deduction on the petitioners' 1975 income tax return. Before establishing his TRA with Kansas City Life Insurance Company, the petitioner, as a layman, made every effort to ascertain whether he was eligible to establish such an account and eligible to claim contributions thereto as deductions on his income tax return. He requested the general agent of Kansas City Life Insurance Company in Columbia, South Carolina, to make inquiry of the home office of the insurance company and of the office of the Internal Revenue Service in Columbia, South Carolina, as to his eligibility for such an account. The evidence indicates that the general agent was advised by the home office, which had in turn been advised by the local office of the Internal Revenue Service in Kansas City, and by the local office of the Internal Revenue Service in Columbia, South Carolina, that petitioner would be eligible to set up an IRA. Petitioner also testified that, prior to filing his tax return for 1975 on which the contribution of $1,500 was claimed as a deduction, he made an inquiry by telephone at the information office maintained *105 by the Internal Revenue Service in Greensboro, North Carolina, and was advised by that office that he was entitled to set up and make deductible contributions to an IRA. It appears, however, from the evidence, that the persons whose opinions were informally relayed to the petitioner probably focused their attention upon the fact that the petitioner was not covered by any pension plan as an agent of the insurance company and was not at the time in a reserve military unit under a government retirement plan, rather than the fact that the petitioner had served on active duty with the Army, subject to a retirement plan, for slightly over five months of the year 1975. It was this fact, of course, that disqualified the deduction of his contribution to the IRA under section 219(b)(2)(A)(i). Since it is agreed that the petitioners are not entitled to a deduction under section 219 for the contribution of $1,500 made to the IRA, this entire amount was an excess contribution subject to the excise tax of six percent imposed by section 4973. Orzechowski v. Commissioner, 69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979). Considering all of the evidence *106 in this case, however, we conclude that this excess contribution by the petitioners was inadvertently made, as opposed to being deliberate, in that it was apparently due to a mistake, either on the part of the petitioner or on the part of his several advisors. Unfortunately for the petitioners, this makes no difference under the statute. As pointed out by the Court in Orzechowski v. Commissioner, supra, in deciding how to discourage excess contributions to such accounts, the Congress considered several alternatives, one of which was to draw a distinction between excess contributions inadvertently made and those willfully made. However, this approach was rejected and the rule now stated in the statute was adopted, instead. This rule makes no distinction between those excess contributions that are made willfully and those that are made inadvertently.In either case, the six percent excise tax is imposed upon the excess contribution. In a brief filed with the Court, the petitioner has made a request for what amounts to equitable relief in this case. He states that the petitioners were entitled to a tax shelter account under section 501(c)(3) of the Internal Revenue Code *107 , in that his wife was an employee of the Cumberland County School District In North Carolona for the year in question and was eligible "even under today's law" for a tax shelter annuity. He requests, therefore, that, if the Court cannot "find any possible way to accept the account of Mr. Tallon," it make "a lateral transfer of the account to Mrs. Tallon," so that she will now be considered to "be the holder of the account which by present law is both legal and proper." The jurisdiction of this Court, in cases such as this, is, of course, limited to the determination of tax liabilities for the years in suit. It has no authority to order such equitable relief as that requested by the petitioners. We have no alternative here but to sustain the respondent's determination. * * *
In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.