RICHARD RANDALL, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Randall v. Commissioner
Docket No. 14479-79.
United States Tax Court
T.C. Memo 1980-490; 1980 Tax Ct. Memo LEXIS 99; 41 T.C.M. (CCH) 296; T.C.M. (RIA) 80490; October 28, 1980, Filed *100 Richard Randall, Jr., pro se. Joseph Long, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge John J. Pajak pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1976 in the amount of $674.66 and an excise tax deficiency of $90. The two issues to be decided are whether petitioner is entitled to a deduction for $1,500 in contributions *101 to an individual retirement account under section 219 and whether any part of these contributions constitutes an excess contribution subject to the six percent excise tax imposed by section 4973. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated by this reference. Petitioner resided at 200 Cold Spring Road, Rocky Hill, Connecticut 06067 at the time he filed his petition. He timely filed his Federal income tax return for the taxable year 1976 with the Internal Revenue Service at Andover, Massachusetts. The petition was initially filed under the small tax case procedures set forth in section 7463. But since one of the issues (i.e., the excise tax issue) involved a tax imposed by subtitle D, it was not within the category of cases covered by section 7463 (i.e. income, gift and estate tax cases). Accordingly, the case was ordered removed from the small tax procedures. See, Historic House Museum Corp. v. Commissioner,70 T.C. 12 (1978). Petitioner's employer, Colt Industries, Inc. (Colt) had a qualified, noncontributory pension plan (pension) plan within the meaning of section *102 401 during 1976. Petitioner was covered by this pension plan during his employment with Colt. Petitioner had been relieved of his duties as Assistant Controller of the Firearms Division of Colt as of August 31, 1975. He was placed on special assignment for a period of six months, three months at full pay and three months at half pay. This assignment was to end on February 29, 1976, subject to the proviso that if petitioner took other employment or entered into business during this period he would be removed from the payroll. Petitioner accepted other employment on January 19, 1976. Colt issued petitioner a final check on February 4, 1976 in the amount of $1,125.02, reflecting 12 days pay for January, 1976 at half rate plus 7 days accrued vacation pay. This was reported on his return. As part of his 1976 return, petitioner filed a Form W-2 from Colt which stated that petitioner was covered by a qualified plan. On the Form 5329 attached to the return petitioner indicated he was not covered by a qualified plan. An eligible employee of Colt continued to accrue service under the provisions of the pension plan until such employee was removed from the payroll. Petitioner's credited *103 service and membership in the pension plan continued until the last date for which he was paid. Petitioner was an employee of Colt until January 19, 1976. Petitioner claimed a deduction of $1,500 for payments to an Individual Retirement Account (IRA) on his 1976 income tax return. Respondent disallowed the deduction of $1,500 and imposed an excise tax of $90. OPINION Section 219(a) allows a taxpayer to deduct certain amounts paid during the taxable year to an IRA. However, section 219(b)(2)(A) specifically disallows the deduction "if for any part of such year", the taxpayer was "an active participant" in various types of plans, including a qualified pension plan. Petitioner argues that he was not an active participant in the Colt qualified pension plan. He points to the fact that Colt only had to pay him through February 29, 1976 and that in 1975 his employer knew there was no way benefits could be derived by him in 1976. He states that Colt knew in 1975 that termination of his employment would automatically cause forfeiture of any rights he might have had in the pension plan. Petitioner contended that in September 1975 Colt had changed some of his benefits. What is clear *104 in the record, however, is that Colt considered him an employee, kept him on the payroll and continued to include him under the qualified pension plan. Petitioner admitted that he received pay for seven accrued vacation days and for twelve days at half pay and that: "I guess that technically makes me an employee. I guess I was an employee." Unfortunately for petitioner, we agree with his guess. Arguments similar to those of petitioner have been rejected by the Court even where an employee knows his employment will be terminated before any rights become vested. The critical question is not whether petitioner had acquired vested rights under the plan, but whether he was an active participant in the plan. An active participant is one who accrues benefits under a qualified plan, even if those benefits are forfeitable and are in fact forfeited by termination of employment before any rights became vested. Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979); Guest v. Commissioner,72 T.C. 768 (1979). That same result has been reached in a series of memorandum opinions, where the Court has found that the taxpayer *105 was "an active participant" in a qualified plan for some part of the year. See, Alexander v. Commissioner,T.C. Memo. 1980-71 and the list of cases cited therein. As an employee of Colt, petitioner was covered by a qualified pension plan for part of 1976. Under the terms of section 219(b)(2)(A), he is not entitled to a deduction for his contribution to an IRA. Orzechowski v. Commissioner,supra;Guest v. Commissioner,supra.
Section 4973 imposes an excise tax of six percent on "excess contributions" made to an IRA during the taxable year. Since petitioner is not entitled to a deduction under section 219 for his contribution of $1,500 to an IRA, it follows that this entire amount is an excess contribution subject to the excise tax imposed by section 4973. Orzechowski v. Commissioner,supra.
Petitioner sought to introduce "new evidence just located", together with his brief. The form attached to his brief, apparently sent to petitioner by January 31, 1976 with reference to a savings plan of Colt, was neither new nor evidence. We must agree with respondent that petitioner cannot on brief introduce *106 evidence on the question of his employee status. Rule 143(b), Tax Court Rules of Practice and Procedure; Evans v. Commissioner,48 T.C. 704, 709 (1967), affd. per curiam 413 F.2d 1047 (9th Cir. 1969). In any event, whatever his status under the savings plan, we believe his status as an employee covered by the pension plan in 1976 is clear.Accordingly, we are compelled to sustain respondent's determination. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the taxable year, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.