JONAS A. BILENAS and DANA BILENAS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bilenas v. Commissioner
Docket No. 21150-82
United States Tax Court
T.C. Memo 1983-661; 1983 Tax Ct. Memo LEXIS 123; 47 T.C.M. (CCH) 217; T.C.M. (RIA) 83661; 4 Employee Benefits Cas. (BNA) 2469; November 1, 1983. Jonas A. Bilenas, pro se. Rona Klein, for the respondent. DRENNEN
*125 MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Fred R. Tansill, pursuant to the provisions of section 7456(c) of the Internal Revenue Code and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[1] The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. [2]
OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: Respondent determined a deficiency of $168 in petitioners' income taxes for 1980 and that petitioners are liable for an excise tax of $45 under section 4972[3] for excess contributions to a Keogh plan in that year. The issues for decision are: (1) whether petitioners are entitled to a deduction for office-in-home *126 expenses under section 280A; (2) whether petitioners are entitled to a deduction under section 404(a)(8) for a contribution to a self-employed individual retirement plan (a so-called Keogh plan); and (3) if the answer to issue (2) is no, whether petitioners are liable for the 6 percent excise tax under section 4972(a) for "excess contributions." FINDINGS OF FACT Some of the facts in this case have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Jonas A. Bilenas (petitioner) and Dana Bilenas are husband and wife who filed a joint return for 1980 as well as a joint petition in this case. They resided in Huntington, New York during all relevant times. Petitioners initially requested that their case be conducted in accordance with the Small Tax Case procedures set forth in section 7463 of the Code. Since one of the issues involves the excise tax imposed by subtitle D of the Internal Revenue Code of 1954, the case is not in the category *127 of those covered by section 7463 as applicable to the year in suit which relates basically to income, estate and gift taxes. [4] Accordingly, this case was ordered removed from Small Tax Case procedures. See Historic House Museum Corp. v. Commissioner,70 T.C. 12 (1978). During 1980, petitioner was employed as an engineer by Grumman Aerospace Corporation (hereinafter, "Grumman") and earned in that capacity $41,514.34. Also during that year petitioner was employed as an adjunct professor in the Department of Mechanical Engineering of the School of Engineering at City College of New York (hereinafter, "the College") and earned in that capacity *128 $5,018.36. During 1980, petitioner taught the following courses: spring semester - Energy Conservation; fall semester - Fluid Dynamics, Compressible Fluid Flow, and Mass Transport. Petitioner was not provided with an office at the College during 1980. Petitioner devoted one room in the family residence to regular and exclusive use as a home office in connection with his teaching activities at the College. Petitioner claimed a miscellaneous deduction of $767 for the costs associated with the home office. The deduction was disallowed by respondent.
As an employee of Grumman, petitioner was covered by a qualified pension plan. However, as an adjunct professor, he was not covered by a retirement plan. Petitioner was hired by the College on a semester-by-semester basis; and he was not tenured. Petitioner and all other adjunct faculty of the College were expected to teach, use the same taxtbooks and syllabi, and were observed for performance, as were the College's regular faculty members. They were covered by the College's collective bargaining agreement with the union representing the employees. Adjuncts were not required to participate in committee assignments or research *129 activities. If the source of funds used to pay the adjuncts was a tax levy, FICA taxes were not withheld. If the funds were from any other source, FICA taxes were withheld. Adjuncts were regarded by the College as non-regular employees and not as independent contractors in the sense that they did not render bills for their services which are paid on submission. Contractual agreements for the services of adjuncts for a semester are normally worked out over the telephone. Such agreements involve the courses to be taught, teaching hours, location (uptown campus or downtown campus), and method of payment. For the year 1980, petitioner claimed a deduction of $753 attributable to payments made to his own Keogh (H.R. 10) plan as a self-employed individual. The amount of $753 was arrived at as follows: 15% X $5,018.36 (earned from teaching) = $750 (rounded to the nearest dollar). Respondent disallowed the claimed deduction. 1. Office-in-home expenses. -- Section 280A(a) generally disallows a deduction with respect to the use of a dwelling unit which is used by the taxpayer during the *130 taxable year as a residence. However, section 280A(c)(1)(A) creates an exception to the general rule of disallowance where a portion of a dwelling unit is used exclusively in a regular basis as the principal place of business for any trade or business of the taxpayer. If the taxpayer is an employee, the exclusive use must be for the convenience of the employer. The primary predicate for respondent's disallowance was that the home office was not petitioner's principal place of business. In determining a taxpayer's principal place of business within the meaning of section 280A(c)(1)(A), the Court must ascertain the focal point of the taxpayer's business activities. Jackson v. Commissioner,76 T.C. 696 (1981); Baie v. Commissioner,74 T.C. 105, 109 (1980). The focal point for the business activities of those who teach (both at the college level and at the secondary school level) has been uniformly held by this Court to be at the educational institution rather than in the home office.[5] This is true even though the teaching person may spend more time at *131 the home office than at the school, [6] as petitioner contends to be true in his case. There is nothing in the record in this case that persuades us to depart from this long line of authority. Accordingly, we must *132 hold that petitioner's principal place of business for his secondary trade or business of adjunct professor at the College was at the College. We have considered the case of Drucker v. Commissioner,715 F.2d 67 (2d Cir. 1983), reversing 79 T.C. 605 (1982), in which the principal place of business of musicians employed by the Metropolitan Opera Association was held to be their home practice areas rather than the Met's headquarters at Lincoln Center. The Court of Appeals characterized the musicians' situation as a "rare situation." We think that Drucker presents a different situation from that of a college professor, such as petitioner. Respondent must, therefore, be sustained in his disallowance of the claimed deduction for office-in-home expense. 2. Deduction for contribution to Keogh Plan. -- Keogh plans may be established and maintained only by self-employed individuals, not by employees. Sections 401(c), 1402(c)(2). The parties are agreed that resolution of this issue, the deductibility of contributions under section 404(a)(8), rasts solely upon the answer to the question: was petitioner a self-employed independent contractor vis-a-vis *133 the College, or was he a common law employee of the College? The determination of whether an individual is an employee rests on an application of common law concepts. Cf. Simpson v. Commissioner,64 T.C. 974, 984 (1975); Packard v. Commissioner,63 T.C. 621, 629 (1975). Whether or not two parties stand in an employee-employer relationship is a question of fact. [7]
The test generally considered basic for resolving the question of whether an individual is an employee is the degree of control exercised by the person for whom work is performed over the individual who renders the services, Packard v. Commissioner,supra.It is to be noted, however, that the degree of control necessary for a finding of employee status varies with the nature of the services provided by the worker. Thus, where the inherent nature of the job mandates an independent approach, a lesser degree *134 of control exercised by the one benefiting from the service rendered may result in a finding of an employer-employee status. [8]
Here, the inherent nature of the job to be done by petitioner, as an adjunct professor at the College, clearly calls for an independent approach in teaching his classes. Nevertheless, we believe that the College exercised the control appropriate to the situation and that it was sufficient to render petitioner an employee of the College. Petitioner was required to use the same textbooks and syllabi as the regular full-time faculty, and his performance was observed just as the regulars' performances were. There is no question that the regular faculty members were employees. The school furnished the place for petitioner to work, and determined which courses he would teach and when and where he would teach them. Very significantly, the College regarded petitioner as a non-regular employee and not as an independent contractor. Petitioner's contributions do not come within section 404(a)(8); he was an employee, not an independent contractor. Respondent must be sustained on his disallowance of *135 the deduction of $753 claimed by petitioner for the contribution to the Keogh plan. 3. Excess Contributions under Keogh Plan. -- If excess contributions are made to a Keogh plan, such excess is subject to an excise tax of six percent pursuant to section 4972. Since petitioner's contributions were not in any part qualified, they were all "excess" and the full $753 is subject to the excise tax. Respondent's imposition of the excise tax is accordingly sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, in effect during taxable year in issue, unless otherwise indicated. All references to a Rule are to the Tax Court's Rules of Practice and Procedure. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, the post-trial procedures set forth in that Rule are not applicable in this case.↩
3. Section 4972↩ was repealed by the Tax Equity and Fiscal Responsibility Act of 1982, Pub. Law 97-248, 96 Stat. 511, effective for years beginning after December 31, 1983.
4. The procedures set forth in section 7463 applied to cases involving taxes imposed by subtitle A and chapters 11 and 12 of the Code, subject to monetary limits. As to petitions filed after October 25, 1982, section 7463 has been amended to cover certain subtitle D taxes, subject to a monetary limit. Pub.L. 97-362, section 106(a), 96 Stat. 1730. For the year here involved, 1980, the interdict against subtitle D was still in effect and, therefore, forecloses the consideration of this proceeding under section 7463.↩
5. Harris v. Commissioner,T.C. Memo. 1983-494; Moskovit v. Commissioner,T.C. Memo. 1982-472, on appeal (10th Cir.); Storzer v. Commissioner,T.C. Memo. 1982-328; Taylor v. Commissioner,T.C. Memo. 1982-114; Strasser v. Commissioner,T.C. Memo. 1981-523; Weightman v. Commissioner,T.C. Memo. 1981-301; Cousino v. Commissioner,T.C. Memo. 1981-9, affd. by order, 679 F.2d 604 (6th Cir. 1982) cert.den 459 U.S.     (1982); Chauls v. Commissioner,T.C. Memo. 1980-471 and Kastin v. Commissioner,T.C. Memo. 1980-341↩. 6. Moskovit v. Commissioner,supra;Storzer v. Commissioner,supra;Strasser v. Commissioner,supra;Weightman v. Commissioner,supra; and Chauls v. Commissioner,supra.↩
7. See Pulver v. Commissioner,T.C. Memo. 1982-437↩.
8. Pulver v. Commissioner,supra.↩