WILLIAM G. RHEA, JR. AND KATHALEEN M. RHEA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rhea v. Commissioner
Docket No. 23168-82.
United States Tax Court
T.C. Memo 1984-545; 1984 Tax Ct. Memo LEXIS 128; 48 T.C.M. (CCH) 1365; T.C.M. (RIA) 84545; October 10, 1984. William G. Rhea, Jr., pro se. James S. Erie, *129 for the respondent. TANSILL MEMORANDUM FINDINGS OF FACT AND OPINION TANSILL, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] Respondent determined a deficiency in petitioners' Federal income tax for the year 1978 in the amount of $1,012. After a concession by petitioners, the issues for our decision are: (1) whether petitioners are entitled to a deduction in the amount of $1,500 for a contribution to an individual retirement account (IRA) under section 219, and (2) whether petitioners are liable for an excise tax imposed in the amount of 6 percent of that contribution under section 4973. All of the facts have been stipulated. The stipulation *130 of facts and the attached exhibits are incorporated herein by this reference. Petitioners filed a timely Federal joint income tax return for the taxable year 1978.Petitioners resided at 1117 Parkins Mill Road, Greenville, South Carolina at the time they filed their petition. Although the petition was filed under the small tax case procedures, we have ordered the case removed therefrom because the excise tax on excess contributions was not then within the category of cases authorized to be tried as a small case by section 7463. See Historic House Museum Corp. v. Commissioner,70 T.C. 12 (1978). From February 1977 through June 1978, William G. Rhea, Jr. (petitioner) was employed as Assistant professor of Surgery by the Veterans Administration Hospital in Nashville, Tennessee. During that period of time, petitioner (a doctor) was a participant in a United States Civil Service Retirement Plan. At the time of his termination on June 30, 1978, petitioner received a lump-sum refund of $3,958.56 representing his prior contributions to the retirement plan. On August 1, 1978, petitioner began employment with Greenville Hospital Systems (Hospital) as Director *131 of Surgical Residency. However, petitioner was unable to participate in Hospital's retirement plan for 1978 because of a one-year waiting period which was required for enrollment. Petitioner opened an IRA and made a contribution to it in March 1979; he claimed a deduction of $1,500 for a contribution to an IRA on his 1978 income tax return. Respondent disallowed the deduction and imposed an excise tax of $90. Section 219, in 1978, allowed a deduction for a contribution to an IRA up to the amount of $1,500. However, section 219(b)(2) disallowed such a deduction in circumstances in which the taxpayer is already an active participant in a plan described by section 401(a) which includes a retirement plan established for its employees by the United States. Sec. 219(b)(2)(A)(iv). Section 219 does not define "active participant." However, legislative history reveals the following: An individual is to be considered an active participant in a plan if he is accruing benefits under the plan even if he only has forfeitable rights to those benefits. Otherwise, if an individual were able to, e.g., accrue benefits under a qualified plan and also make contributions to an individual *132 retirement account, when he later becomes vested in the accrued benefits he would receive tax-supported retirement benefits for the same year both from the qualified plan and retirement savings deduction. * * * H. Rept. 93-807, 93d Cong., 2d Sess., 1974-3 C.B. (Supp.) 236, 364. We have no doubt that petitioner was an active participant in the Civil Service Retirement Plan during part of the taxable year 1978 and is, therefore, not entitled to a deduction for his contribution to an IRA. See Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979); Hauser v. Commissioner,T.C. Memo. 1980-13; Alexander v. Commissioner,T.C. Memo. 1980-71. Petitioner argues that Foulkes v. Commissioner,638 F.2d 1105 (7th Cir. 1981), revg. T.C. Memo. 1978-498, should control our decision. We disagree, since that decision is distinguishable. In the instant case, petitioner has not offered any substantive evidence to prove that he would not be entitled to a reinstatement of previously accrued benefits if he were to be re-employed by the United States. In fact, petitioner *133 testified that he would receive retirement credit for prior service in such a situation. Therefore, the potential for a double tax benefit did in fact exist. See also Hildebrand v. Commissioner,683 F.2d 57 (3d Cir. 1982), affg. T.C. Memo. 1980-532; Johnson v. Commissioner,661 F.2d 53 (5th Cir. 1981), affg. 74 T.C. 1057 (1980); Johnson v. Commisisoner,620 F.2d 153 (7th Cir. 1980), affg. T.C. Memo. 1978-426. Petitioner further argues that he should be allowed to deduct his IRA contribution in light of the fact that Congress recently enacted a law (Economic Recovery Tax Act of 1981) which provides a deduction for an IRA contribution regardless of whether or not the individual already is an active participant in a qualified plan. However, the law is not retroactive in effect and we must follow the law as applicable in 1978. Section 4973 imposes an excise tax of 6 percent on "excess contributions" made during the taxable year to an IRA. Since petitioner is not entitled to any deduction under section 219 for his $1,500 IRA contribution in 1978, his entire contribution represents *134 an excess contribution. Therefore, the 6 percent excise tax is proper. See Orzechowski v. Commissioner,supra.,Anthes v. Commissioner,81 T.C. 1, 8 (1983), affd. in unpublished opinion 740 F.2d 953 (1st Cir. June 1984). In accordance with the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.