WILLIAM L. AND VIRGINIA R. KACIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kacin v. Commissioner
Docket No. 402-78.
United States Tax Court
T.C. Memo 1979-410; 1979 Tax Ct. Memo LEXIS 115; 39 T.C.M. (CCH) 286; T.C.M. (RIA) 79410; September 27, 1979, Filed William L. Kacin, pro se. Kevin C. Reilly, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7456(c), Internal Revenue Code of 1954, and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[1] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent *117 determined a deficiency in petitioners' Federal income tax for the year 1975 in the amount of $554.86. The issue before the Court is whether petitioners are entitled to a deduction of $1,500 for a contribution to an individual retirement account (IRA) under section 219 of the Interal Revenue Code of 1954. [2] Respondent also determined an excise tax deficiency of $90 for an excess contribution" made to an IRA under the provisions of section 4973. Petitioners do not dispute the imposition of the excise tax if respondent is sustained in his disallowance of the contribution to the IRA. FINDINGS OF FACT Some of the facts were stipulated and they are found accordingly. Petitioners were residents of Northport, New York at the time of the filing of the petition herin. They filed a joint income tax return for the year 1975. Petitioner William L. Kacin was employed by E. I. DuPont de Nemours and Company (hereinafter DuPont) from December 1, 1973 through November 14, 1975 as a manufacturing manager. Petitioner submitted his resignation to DuPont *118 on November 2, 1975 effective November 30, 1975. By mutual agreement petitioner terminated his employment with DuPont on November 14, 1975. On November 17, 1975 petitioner commenced employment with Sethco and on July 1, 1976 he joined the profit-sharing plan maintained by Sethco for its employees. During the period here relevant DuPont maintained a pension and retirement plan which was a qualified plan under the provisions of section 401(a). The plan included a trust exempt from tax under section 501(a). The Pension trust fund was maintained by contributions made by DuPont based on a percentage of total company payroll and earnings of the fund.Petitioner as an employee was covered by the DuPont pension and retirement plan. During the year 1975 DuPont also maintained the DuPont Thrift Plan which was a qualified plan under section 401(a). The thrift plan aincluded a trust exempt from tax under section 501(a). Petitioner contributed $1,740 to the thrift plan from December 1, 1974 through September 30, 1975. DuPont contributed $870 on petitioner's behalf during the plan year ended September 30, 1975 and, in addition, $6.38 in dividend income from DuPont shares was paid to petitioner's *119 account. On December 22, 1975 petitioner's thrift plan account was settled by the Wilmington Trust Company (the paying agent for the plan) with a November 30, 1975 valuation date. On or about December 26, 1975 petitioner opened an IRA with the Lincoln Savings Bank, Brooklyn, New York and on December 30, 1975 a deposit of $1,500 was credited to that account. Petitioner claimed a deduction of $1,500 under section 219 for said deposit to the IRA which was disallowed by the respondent. OPINION Generally, section 219(a) allows a deduction from gross income for cash contributions made to an IRA. However, section 219(b)(2) provides in relevant part: * * * No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year - (A) he was an active participant in - (i) a plan described in section 401(a) * * * The pertinent legislative history explains that "[an] individual is to be considered an active participant in a plan even if he only has forfeitable rights to those benefits." H. Rept. 93-807, 93d Cong., 2d Sess., 1974-3 C.B. (Supp.) 236,364. This definition of the term "active participant" is reflected in proposed *120 Reg. 1.219-1(c)(1)(ii)(A). See also Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F.2d 677 (2nd Cir. 1979). In view of the express intent of Congress in defining the term "active participant" for purposes of section 219, we see no merit in petitioner's contention that, inasmuch as he had already resigned from DePont at the time he opened an IRA in late December 1975 he is not disqualified by section 219(b)(2). Petitioner's argument is based upon a misconception of the statutory test. He simply ignores the unambiguous statutory language in section 219(b)(2) which disallows the deduction under section 219 for any taxable year if the individual was an active participant of a qualified plan "foranypartofsuchyear." (emphasis added) [3]
*121 In Orzechowski v. Commissioner,supra, the taxpayer's rights under the pension plan (which plan was remarkably similar to the DuPont Plan) were forfeitable during the year in issue (1975) and, in fact, his rights were forfeited in the following year (1976) because his employment was terminated. In finding that the taxpayer, under those facts, was an "active participant" in 1975 under a pension plan, this Court said at page 754: * * * The Otis plan operated on a fiscal year ending May 31, and for the year ending May 31, 1975, the petitioner was clearly considered an employee for purposes of the plan. Thus, within the terms of the [Ways and Means] committee report, he was an active participant in a qualified plan at least for a part of 1975 and, therefore, was not entitled to deduct the contributions made in that year to the IRA. * * * We believe the same considerations apply here. Consequently, we must conclude that on these facts petitioner was an "active participant" under the qualified DuPont plan for at least part of the year 1975 and hence is not entitled to a deduction under section 219(a) for the contribution made in that year to the IRA. *122 [4]
Decision will be entered for the respondent.
Footnotes
1. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable here. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. Petitioner also appears to rely upon a definition of the term "participant" in the Employee Retirement Income Security Act of 1974, Pub. L. 93-406. That definition is expressly keyed to the purposes of that Act. See 29 U.S.C.A. sections 1001 and 1002. It has no application here in determining an individual's qualification to a deduction under section 219↩ of the Code.
4. We see no useful purpose in discussing respondent's contention that petitioner was also an "active participant" in a second↩ qualified plan during the year 1975, i.e., the DuPont Thrift Plan.