JOHN L. AND DOLORES B. PIZOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pizor v. Commissioner
Docket No. 13104-78.
United States Tax Court
T.C. Memo 1979-487; 1979 Tax Ct. Memo LEXIS 31; 39 T.C.M. (CCH) 633; T.C.M. (RIA) 79487; December 6, 1979, Filed Robert T. Schwer, for the petitioners. Edward F. Peduzzi, Jr., for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Daniel J. Dinan pursuant to the provisions of section 7456(c) of the Internal Revenue Code, [1] and General Order No. 6 of this Court. [2] The Court agrees with and adopts the opinion of Special Trial Judge Dinan which is set forth below. *34 OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1975 in the amount of $466.07 and an excise tax deficiency of $90 under section 4973. Due to a concession by petitioners, [3] the remaining issues for decision are: (1) Wheter a $1,500 contribution to an individual retirement account was deductible under section 219; and (2) whether any portion of such contribution constituted an excess contribution subject to the six percent excise tax imposed by section 4973. This case has been submitted for decision on a stipulated record pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulations of fact are so found and they, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners John L. Pizor and Dolores B. Pizor, husband and wife, lived in the Town of Butler, Pennsylvania, at the time they filed their petition in *35 this case. They filed a joint Federal income tax return for 1975. On January 1, 1971, petitioner went to work for McCreary Industrial Products Company and McCreary Tire and Rubber Company, a wholly owned subsidiary of McCreary Industrial Products Company, both of Indiana, Pennsylvania. McCreary Tire and Rubber Company's (McCreary) Retirement Plan (the plan) was adopted effective December 1, 1952. Because the plan had been amended on several occasions, it was restated effective January 1, 1973, with revisions through March 31, 1976. Pursuant to a determination letter dated May 22, 1973, the Internal Revenue Service held that the plan was a qualified pension plan under section 401 or 405. The plan was noncontributory. An employee, regularly employed by McCreary on a full-time basis, except an employee who was a member of a Bargaining Unit, and who had completed one year of service, was eligible to be included in the plan as of the December 1 coinciding with or next following completion of such one year of service. During his employment with McCreary, petitioner was not excluded from participating in the plan under its eligibility provisions. However, an employee's benefits *36 under the plan did not vest until he had completed ten years of employment with McCreary. The plan was operated on a fiscal year basis beginning December 1 and ending November 30. McCreary's projected pension expense for the plan's fiscal year ended November 30, 1975, was calculated by its actuary as of December 1, 1974, using the following data: (1) a list of the names of each employee with one or more years of service, (2) the age of each employee listed, (3) the monthly salary of each employee listed and (4) the years of service of each employee listed. The plan did not maintain a separate account for each of the employees whose name appeared in the December 1, 1974, data. Since the petitioner was employed by McCreary on December 1, 1974, and had more than one year of service, his data was included in the actuary's computation of the cost of the plan for the fiscal year Deceber 1, 1974 through November 30, 1975. The actual contribution to the plan for the year ended November 30, 1975, was made in September, 1975. On August 4, 1975, petitioner resigned from his employment with McCreary and founded his own business. From August 4, 1975 through December 31, 1975, therefore, *37 petitioner was self-employed. Sometime between August 4, 1975, and December 31, 1975, the petitioner established, in his own name, an Individual Retirement Account (I.R.A.) with the State Farm Life Insurance Company, Bloomington, Illinois, to which he contributed in 1975 the amount of $1,500. On his joint Federal income tax return for 1975, the petitioner deducted the $1,500 contributed to his I.R.A. In his notice of deficiency, the respondent disallowed the claimed deduction and imposed an excise tax of six percent in the amount of $90. The deductibility of contributions to an I.R.A. is provided for in section 219(a). [4] The deduction is limited, pursuant to the provisions of section 219(b)(1) [5] to the lesser of $1,500 or 15 percent of the individual's compensation disregarding any portion of that income which might be excluded from gross income. Under section 219(b)(2), [6] however, no deduction is allowable if, for any part of the taxable year, the individual was an active participant in, interalia, a qualified plan under section 401(a) or 405(a). *38 The definition of "active participant" is not contained in the Code but we are informed of its meaning in H. Rept. No. 807, 93d Cong., 2d Sess. (1974), 1974-3 C.B. (Supp.) 236, where it is stated at page 364: An individual is to be considered an active participant in a plan if he is accruing benefits under the plan even if he only has forfeitable rights to those benefits.
The plan provided that the normal monthly retirement benefits payable to a retired employee was to be computed as follows: The normal monthly Retirement Benefit for an Employee shall be equal to the greater of 3/4 of 1% of the Employee's Average Monthly Earnings up to $300, plus 1-1/2% of the Employee's Average Monthly Earnings in excess of $300, for each year of Credited Service, or $7.50 for each year of Credited Service. For the purpose of determining the period of Credited Service each completed calendar month shall be counted as one-twelfth of a year. (Emphasis added.) The plan operated on a fiscal year ending November 30, and for the greater part of the fiscal year ended November 30, 1975, i.e., until his resignation on August 4, 1975, the petitioner was accruing benefits under the *39 plan by increasing his period of credited service. Consequently, during a part of the calendar year 1975, the petitioner was an active participant in a qualified plan and, therefore, was not entitled to deduct the contribution he made to his I.R.A. in 1975. The petitioner argues that his benefits under the plan for the fiscal year ended November 30, 1975, did not accrue until McCreary deposited its contribution with the plan trustee on September 15, 1975, and that when petitioner terminated his employment on August 4, 1975, he forfeited any opportunity of enjoying any benefit for 1975. Although it is true that the petitioner forfeited his benefits under the plan when he resigned from McCreary on August 4, 1975, we disagree with his argument that he accrued no benefits under the plan in 1975. Under the terms of the plan, as we have noted, supra, the petitioner was accruing benefits for each calendar month that he worked until he terminated his services with McCreary. Although it is true that he did not actually receive any benefits under the plan in 1975, that was due to those terms of the plan that provided for the forfeiture of accrued benefits where employment was terminated *40 for any reason other than death, disability or retirement and the employee had less than ten years of credited service. Under the terms of the statute, as elaborated upon by the legislative history, active participation in a plan is determined by the accrual of benefits and not the vesting or funding of benefits accrued. See Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F. 2d 677 (2d Cir. 1979). Once we have determined that a taxpayer has made an excess contribution to an I.R.A., as we have in this case, we have no recourse but to sustain the respondent's imposition of the six percent excise tax under the provisions of section 4973. The terms of the statute are clear and unambiguous. Tey mandate the imposition of the six percent excise tax when there has been an excess contribution to an I.R.A. Thus, the determination of the respondent to impose the six percent excise tax pursuant to the provisions of section 4973 must be sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for 1975, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in the Rule are not applicable to this case.
3. Dolores B. Pizor is a petitioner in this case only because she filed a joint Federal income tax return with her husband for the year 1975. Hereinafter John L. Pizor will be referred to as petitioner.↩
4. SEC. 219. RETIREMENT SAVINGS. (a) Deduction Allowed.--In the case of an individual, there is allowed as a deduction amounts paid in cash during the taxable year by or on behalf of such individual for his benefit-- (1) to an individual retirement account described in section 408(a), (2) for an individual retirement annuity described in section 408(b), or (3) for a retirement bond described in section 409 (but only if the bond is not redeemed within 12 months of the date of its issuance). For purposes of this title, any amount paid by an employer to such a retirement account or for such a retirement annuity or retirement bond constitutes payment of compensation to the employee (other than a self-employed individual who is an employee within the meaning of section 401(c)(1)) ineludible in his gross income, whether or not a deduction for such payment is allowable under this section to the employee after the application of subsection (b). ↩
5. (b) Limitations and Restrictions.-- (1) Maximum Deduction.--The amount allowable as a deduction under subsection (a) to an individual for any taxable year may not exceed an amount equal to 15 percent of the compensation includible in his gross income for such taxable year, or $1,500, whichever is less. ↩
6. (2) Covered by Certain Other Plans.-- No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year-- (A) he was an active participant in-- (i) a plan described in section 401(a) which includes a trust exempt from tax under section 501(a), * * *
(iii) a qualified bond purchase plan described in section 405(a), or * * *↩