**Blair E. HILDEBRAND, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 81–1494.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) April 27, 1982.

Decided June 22, 1982.

Blair E. Hildebrand, pro se.

John F. Murray, Asst. Atty. Gen., Michael L. Paup, Richard Farber, Jay W. Miller, Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before ADAMS, VAN DUSEN and WEIS, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

The Internal Revenue Service disallowed a taxpayer's deduction for an Individual Retirement Account because he had also contributed to a pension fund provided by his employer. In the Tax Court, the taxpayer argued that he was eligible for an IRA deduction because he had left his job by the end of the year and no longer had any interest in the pension fund. The Tax Court ruled that the Internal Revenue Code prohibits a deduction if the taxpayer participated in a pension plan at any time during the year. We affirm.

Blair E. Hildebrand was employed by Tal-Star Computer Systems, Inc. for about two months before leaving the company in September of 1975. During August and September of that year, he contributed $100 to the company's qualified pension plan, matched by $50 from the company. After leaving his job, $100 in his account was returned to him and the remaining $50 was forfeited.

During 1975, Hildebrand also paid $1,500 to an Individual Retirement Account. He deducted that amount on his income tax return for that year, but the Commissioner disallowed it, and issued a deficiency in the amount of $401.84 for income tax and $90 for excise tax. The Tax Court upheld the Commissioner, finding that since Hildebrand participated in a pension plan for two months in 1975, he was therefore precluded from taking an IRA deduction. The taxpayer appeals, contending that his eligibility for the deduction should be determined as of the end of the year.

In 1974, Congress amended the Internal Revenue Code to allow taxpayers to deduct up to $1,500 for payments made to an IRA. No deduction is permitted, however, if the taxpayer "was an active participant in" a qualified pension plan "for any part of such year".[1]

The term "active participant" is not defined in the statute, but the legislative history shows that Congress intended that the phrase include persons like Hildebrand for whom benefits were paid by an employ-

---

1. The relevant statutory provision, 26 U.S.C. § 219, states:

"(a) Deduction allowed—In the case of an individual, there is allowed as a deduction amounts paid in cash for the taxable year by or on behalf of such individual for his benefit —(1) to an individual retirement account described in section 408(a).

. . . . .

(b) Limitations and restrictions—

\* \* \* \* \* \*

(2) Covered by certain other plans—No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year—(A) he was an active participant in—(i) a [qualified pension, profit-sharing, or stock bonus] plan described in section 401(a) which includes a trust exempt from tax under section 501(a). . . ."

er. "An individual is to be considered an active participant in a plan if he is accruing benefits under the plan even if he only has forfeitable rights to those benefits." H.Rep.No.93–807, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad. News 4639, 4794.

The question before us, then, is what effect we should give to the phrase "for any part of such year." Hildebrand urges us to adopt the interpretation found in *Foulkes v. Commissioner*, 638 F.2d 1105 (7th Cir. 1981). In that case, the Seventh Circuit concluded that Congress intended to prevent "any potential for a double tax benefit," *id.* at 1110, so that if a taxpayer qualifies under both an employer-sponsored pension plan that receives special tax consideration and an IRA, he would be receiving more than the Code entitles him. To reconcile the legislative aim with an equitable result, the court concluded that a taxpayer's status must be determined as of the close of the tax year. If at that time he has no interest in an employer plan, even though he may have participated in one during the year, then the IRA is the only benefit the taxpayer may claim. Under those circumstances, the Seventh Circuit would allow the deduction.

The *Foulkes* opinion is a thoughtful resolution of a somewhat inequitable tax assessment. Were we to choose the result that would treat the taxpayer here more fairly, we would prefer the Seventh Circuit's approach. Unfortunately however, it is not in our view a correct interpretation of the tax law. Congress has drafted the statute, and we are not free to rewrite it.

The statute plainly says that to be entitled to the deduction, a taxpayer must not have been an active participant in a pension plan "for any part" of the year. The language of the Code is clear and unambiguous, and Hildebrand simply does not meet the statutory criteria. It bears mentioning that other taxpayers who relied upon the plain meaning of the statute by not claiming a deduction lost what is sought here. From the standpoint of equality then, reliance on the clear language of the Code distributes unhappiness without discrimination.

In a series of decisions, the Tax Court has applied the statute literally, as we do today. *See Kacin v. Commissioner*, 39 T.C.M. (CCH) 286 (1979); *Pizor v. Commissioner*, 39 T.C.M. (CCH) 633 (1979); *Cooper v. Commissioner*, 38 T.C.M. (CCH) 1020 (1978). The Courts of Appeals for the Second and Fifth Circuits have taken the same approach. *See Johnson v. Commissioner*, 661 F.2d 53 (5th Cir. 1981); *Orzechowski v. Commissioner*, 592 F.2d 677 (2d Cir. 1979). If the taxpayer was a participant in a qualified plan at any time during the year, those courts disallow the deduction. As Judge Politz characterized the court's holding in *Johnson*, this result is "lex, dura lex, sed lex."

Although courts are often urged to give an equitable construction to statutory language, we must remember that it is a tax law that confronts us here. The Internal Revenue Code in particular should be given its plain meaning whenever possible. The morass of verbiage that makes up the Code is confusing enough without introducing dubious interpretations, even though the result may be equitable in an individual case. Moreover, from the very practical standpoint of administration, the case for applying the plain meaning of the words in a tax statute is indeed compelling. As the Supreme Court said in *Commissioner v. National Alfalfa Dehydrating & Milling Co.*, 417 U.S. 134, 148–149, 94 S.Ct. 2129, 2136–37, 40 L.Ed.2d 717 (1974):

> "The propriety of a deduction does not turn upon general equitable considerations, such as a demonstration of effective economic and practical equivalence. Rather, it 'depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed.' *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 [54 S.Ct. 788, 790, 78 L.Ed. 1348] (1934) . . . ."

The Tax Court did not err in finding that the taxpayer participated in an employer-sponsored plan during part of the year and therefore we will affirm its decision.