T.C. Memo. 1998-107


UNITED STATES TAX COURT


DAVID A. AND MARILYN P. KNIGHT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16522-96.                     Filed March 16, 1998.


David A. and Marilyn P. Knight, pro sese.

<u>John J. Lancaster</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, <u>Judge</u>:  Respondent determined a $27,412 deficiency in petitioners' 1993 Federal income tax.  The sole issue for decision is whether petitioners may defer recognition of gain realized on the sale of two residential rental properties pursuant to section 1031(a).

Unless otherwise indicated, all section references are to the

Internal Revenue Code in effect for the taxable year in issue.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Franklin, Tennessee, at the time they filed their petition and amended petition. At all relevant times, petitioners were realtors.

Before the year under consideration, petitioners resided in Milwaukee, Wisconsin. There, they owned two residential rental properties: 3460 North 99th Street (99th Street property) and 7643 West Center Street (West Center Street property). Petitioners had purchased the 99th Street property for $126,000 in July 1991 and the West Center Street property for $118,500 in 1986.

In 1993, petitioners moved to Franklin, Tennessee. They decided to dispose of these two residential rental properties by exchanging them for like-kind property pursuant to section 1031. Accordingly, petitioners entered into two accommodation agreements with Heritage Title Services, Inc. (accommodation agreements), pursuant to which they agreed to sell the two residential rental properties and purchase other qualifying like-kind property in Tennessee as part of a tax-free exchange. The accommodation agreements required petitioners to identify replacement properties within 45 days after the date of the closing on the two rental properties and to receive the qualifying like-kind property within 180 days after the date of the closing on the two rental

properties.

On February 17, 1993, petitioners sold their 99th Street property for $135,000. On February 19, 1993, they sold the West Center Street property for $136,000.

On April 2, 1993, petitioners identified the following three potential replacement properties: (1) A 100- by 300-foot parcel in Franklin, Tennessee; (2) 2902 Campbellsville Pike, Columbia, Tennessee (Campbellsville Pike property); and (3) 2711 Murfreesboro Road, Antioch, Tennessee (Murfreesboro Road property).

Petitioners immediately began negotiations to acquire the 100- by 300-foot parcel in Franklin, Tennessee, but these negotiations ended without an agreement. Then, petitioners attempted to acquire the Campbellsville Pike property. An agreement to purchase that property was reached, but on August 16, 1993, the sellers of the property canceled the sale.

On December 23, 1993, petitioners purchased the Murfreesboro Road property for $321,750. The acquisition of the property was more than 180 days from the respective dates the 99th Street and West Center Street properties were sold.

Federal Income Tax Returns

On Forms 8824, Like-Kind Exchanges, attached to their 1993 Federal income tax and amended returns, petitioners elected to defer the gain realized on the sale of their two residential rental properties.

Notice of Deficiency

In the notice of deficiency, respondent determined that petitioners' like-kind exchange of properties in Wisconsin for property in Tennessee did not qualify as a section 1031 nontaxable exchange because the statutory time requirement for completion of the exchange was not met. Accordingly, respondent determined that petitioners had ordinary income of $16,266 and capital gain of $82,288 for 1993 arising from this exchange.

OPINION

Petitioners contend that although they attempted to adhere to the section 1031 requirements, an event beyond their control (i.e., the seller of one of the replacement properties--Campbellsville Pike property--canceled the sale 1 day prior to the date set for closing) prevented them from receiving the replacement property within the prescribed 180-day period for receiving like-kind property. Respondent argues that because petitioners received the replacement property beyond the prescribed 180-day period, petitioners' exchange does not qualify for the like-kind treatment; and, as a consequence, petitioners must recognize as income the gain attributable to the sale of the 99th Street and West Center Street properties.

Section 1001 generally requires recognition of the entire amount of gain or loss on the sale or exchange of property. Section 1031(a)(1), however, provides for the nonrecognition of such gain or loss on "the exchange of property held for productive

use in a trade or business or for investment if such property is exchanged solely for property of like kind which is to be held either for productive use in a trade or business or for investment." For transfers after July 18, 1984, section 1031(a)(3), enacted as part of the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 77(a), 98 Stat. 494, 595, governs deferred like-kind exchanges.

Section 1031(a)(3)(A) requires deferred replacement property to be identified within 45 days after the date the taxpayer transfers the property relinquished in the exchange. The parties agree that petitioners satisfy this requirement.

Section 1031(a)(3)(B) provides that the property received by the taxpayer (the exchanged property) will not qualify for tax-free treatment if the exchanged property is received after the earlier of 180 days from the date the taxpayer transfers the property relinquished in the exchange or "the due date (determined with regard to extension) for the transferor's return of the tax imposed by this chapter for the taxable year in which the transfer of the relinquished property occurs". Petitioners admit that the transfer of the replacement property (Murfreesboro Road property) to petitioners occurred more than 180 days after they transferred their interest in the two residential rental properties. Hence, it is obvious that petitioners failed to satisfy the 180 day requirement of section 1031(a)(3)(B)(i). See St. Laurent v. Commissioner, T.C. Memo. 1996-150. (We note that section

1031(a)(3)(B)(ii) does not apply herein because the due date for petitioners' 1993 Federal income tax return was April 15, 1994, which is later than the 180 day requirement.) Thus, the Murfreesboro Road property is property which is not like-kind.

Petitioners assert they should not have to recognize gain on the exchange because they made a good faith attempt to adhere to the statute. In essence, petitioners request that the Court ignore the plain language of the statute and essentially rewrite it to achieve what would be an equitable result. See Hildebrand v. Commissioner, 683 F.2d 57, 58-59 (3d Cir. 1982), affg. T.C. Memo. 1980-532. Although we are sympathetic to petitioners' plight, we do not have jurisdiction to do as petitioners request. Regrettably for petitioners, this Court is not a court of equity and does not possess general equitable powers. Stovall v. Commissioner, 101 T.C. 140, 149-150 (1993) (citing Commissioner v. McCoy, 484 U.S. 3 (1987)); Woods v. Commissioner, 92 T.C. 776, 787 (1989). The Internal Revenue Code, not general equitable principles, is the mainspring of this Court's jurisdiction. Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 422 (1943).

Petitioners claim that Internal Revenue Service (IRS) should take a more "citizen-friendly" position than respondent asserts herein. Petitioners philosophize that if circumstances beyond their control prevent them from purchasing replacement property within the 180-day period, then the time for acquiring replacement property pursuant to section 1031 should be the same as the time

for acquiring replacement property where there is an involuntary conversion; and thus, the 180-day period should be extended to 2 years. Petitioners read IRS Publication 544, Sales and Other Dispositions of Assets, to support their philosophy. Although we do not read IRS Publication 544 in the way petitioners do, nonetheless, it is well settled that authoritative tax law is contained in statutes, regulations, and judicial decisions and not in informal publications. See <u>Zimmerman v. Commissioner</u>, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979); <u>Green v. Commissioner</u>, 59 T.C. 456, 458 (1972). Internal Revenue Service publications, like the one upon which petitioners relied, are merely guides published by the IRS to aid taxpayers. See <u>Dixon v. United States</u>, 381 U.S. 68, 73 (1965).

Petitioners do not dispute respondent's computations as to the amount of gain realized from the disposition of the two rental properties in Wisconsin. Accordingly, respondent's computations are sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.