T.C. Summary Opinion 2001-5


UNITED STATES TAX COURT


FRED P. AND PATRICIA M. BRANDKAMP, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4152-00S.                    Filed January 23, 2001.


Fred P. Brandkamp, pro se.

David Delduco, for respondent.


ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.[1]  The decision to

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 1997, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

be entered in this case is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioners' Federal income tax for 1997 in the amount of $560. After concessions by the parties,[2] the sole issue for decision is whether petitioners are entitled to a deduction in the amount of $2,000 for a contribution to petitioner Fred P. Brandkamp's individual retirement account (IRA). We hold that petitioners are not entitled to such deduction.

Background[3]

Some of the facts have been stipulated, and they are so found. Petitioners resided in Duluth, Georgia, at the time that their petition was filed with the Court.

Petitioner Fred P. Brandkamp (Mr. Brandkamp) was employed in 1997, the taxable year in issue, by Winter Wyman Contract Services, Inc. and Data Tabulating Service, Inc. During that year, Mr. Brandkamp was not covered by any qualified pension plan or retirement program that may have been sponsored by either of his employers.

---

[2] Respondent concedes the $13 adjustment in the notice of deficiency for "dependent care benefits". Petitioners concede the collection-related matter raised in the petition.

[3] At trial, we deferred ruling on certain relevancy objections made by Mr. Brandkamp to portions of various exhibits. We now overrule those objections, and our findings reflect that ruling.

Petitioner Patricia M. Brandkamp (Mrs. Brandkamp) was employed throughout 1997 by MetLife Insurance Co. (MetLife). Mrs. Brandkamp was hired by MetLife in December 1995 and remained in its employ through November 1998.

At all relevant times, MetLife maintained a defined benefit pension plan (the MetLife plan) that was qualified within the meaning of section 401(a). An individual is eligible to participate in the MetLife plan if the individual: (1) Is at least 21 years old, (2) is an active U.S. salaried or commissioned employee, and (3) has completed 1 year of continuous or credited service.

Once an employee is eligible to participate in the MetLife plan, the employee is automatically enrolled in the plan at no cost to the employee. However, the employee does not have any vested right to a pension benefit until the employee has completed 5 years of continuous or credited service.

Mrs. Brandkamp became enrolled in the MetLife plan upon completion of 1 year of service with MetLife in December 1996. However, because Mrs. Brandkamp left the employ of MetLife before completing 5 years of continuous or credited service with MetLife, her right to a pension benefit never vested.

On April 13, 1998, Mr. Brandkamp contributed $2,000 to an IRA that he maintained in his name with SouthTrust Bank in

Atlanta, Georgia.  The contribution was made in respect of the taxable year 1997.

Petitioners timely filed a joint Federal income tax return (Form 1040) for 1997.  On their return, petitioners reported total income of $79,300, consisting of wages of $79,271 and taxable interest of $29.  Petitioners deducted from total income the $2,000 amount that had been contributed to Mr. Brandkamp's IRA and therefore reported adjusted gross income of $77,300.

Petitioners attached to their 1997 income tax return copies of wage and tax statements (Forms W-2) that had been sent to them by their employers.  The wage and tax statement from MetLife indicated that Mrs. Brandkamp was covered by a qualified pension plan in 1997.

By notice dated January 14, 2000, respondent determined a deficiency in petitioners' income tax for 1997.  Respondent's determination reflects the disallowance of the $2,000 IRA deduction claimed by petitioners for that year.  In this regard, respondent determined that petitioners were not entitled to any IRA deduction because Mrs. Brandkamp was covered by a qualified pension plan and petitioners' modified AGI exceeded $50,000.[4]

_____

[4]  In the notice of deficiency, respondent advised petitioners as follows: "So your future nontaxable IRA distributions will be correct, complete Form 8606, Nondeductible IRAs (Contributions, Distributions, and Basis) to keep for your records." (Emphasis added.)  At trial, counsel for respondent
(continued...)

Discussion

In general, a taxpayer is entitled to deduct the amount contributed to an IRA. See sec. 219(a); sec. 1.219-1(a), Income Tax Regs. The deduction for any taxable year, however, may not exceed the lesser of $2,000 or an amount equal to the compensation includable in the taxpayer's gross income for such year. See sec. 219(b)(1).

However, if for any part of a taxable year, a taxpayer or the taxpayer's spouse is an "active participant" in a qualified plan under section 401(a), the amount of the deduction under section 219(a) for that year may be further limited. Sec. 219(g)(1), (5)(A)(i). Thus, in the case of married taxpayers who file a joint return, the $2,000 limitation of section 219(b)(1) is reduced using a ratio determined by dividing the excess of the taxpayer's modified AGI[5] over $40,000, by $10,000. See sec. 219(g)(2)(A), (3)(B)(i). This provision results in a total disallowance of the IRA deduction for married taxpayers where modified AGI exceeds $50,000. See Felber v. Commissioner, T.C.

---

[4](...continued)
conceded that Mr. Brandkamp was entitled to make a nondeductible contribution to his IRA.

[5] As relevant herein, modified AGI means adjusted gross income computed without regard to any deduction for an IRA. See sec. 219(g)(3)(A). In petitioners' case, modified AGI for the year in issue is $79,300.

Memo. 1992-418, affd. without published opinion 998 F.2d 1018 (8th Cir. 1993).

Because petitioners reported modified AGI in the amount of $79,300 on their 1997 income tax return, they are not entitled to any IRA deduction if Mrs. Brandkamp was an "active participant" in the MetLife plan at any time during 1997.

Petitioners contend that because Mrs. Brandkamp's interest in the MetLife plan was forfeitable, Mrs. Brandkamp was not an active participant in the plan. However, section 219(g)(5), which defines the term "active participant", clearly states that the "determination of whether an individual is an active participant shall be made without regard to whether or not such individual's rights under a plan * * * are nonfortfeitable." See also Eanes v. Commissioner, 85 T.C. 168, 170 (1985) (citing Hildebrand v. Commissioner, 683 F.2d 57, 58 (3d Cir. 1982), affg. T.C. Memo. 1980-532)); Wartes v. Commissioner, T.C. Memo. 1993-84. Eanes involves a taxpayer who forfeited all rights under an employer's retirement plan when he left after only 3 months. Despite the short time the taxpayer worked, we held that he was an active participant in his employer's plan and was not entitled to a deduction under section 219. Although Eanes involved an

earlier version of section 219,[6] we apply its reasoning to the facts of the present case.

Petitioners also contend that the record does not demonstrate that MetLife made any contribution to the MetLife plan on behalf of Mrs. Brandkamp, thereby implying that such a failure would be antithetical to the conclusion that Mrs. Brandkamp was an active participant in the plan. However, the record demonstrates that the MetLife plan is a qualified plan, a fact that supports our conclusion that a contribution was made and thereby negates the basis for petitioners' contention. See sec. 401(a)(1).[7]

---

[6] Sec. 219, as applicable to 1981, the taxable year in issue in Eanes v. Commissioner, 85 T.C. 168 (1985), did not include a definition of "active participant". The flush language currently contained in sec. 219(g)(5), referring to whether the individual's rights under the plan are forfeitable, was then found only in the legislative history.

[7] To the extent that petitioners may suggest that the contribution made by MetLife on behalf of Mrs. Brandkamp was modest in amount, thereby implying that the magnitude of an employer's contribution should be determinative of whether an employee is an active participant, the law is clearly to the contrary. See sec. 1.219-2(d)(1), Income Tax Regs., providing that an individual is an active participant in a taxable year in a profit-sharing plan "if an employer contribution is added to the participant's account in such taxable year." See also sec. 1.219-2(b)(1), Income Tax Regs., providing that "an individual is an active participant * * * if for any portion of the plan year * * * [she] is not excluded under the eligibility provisions of the plan." In short, there is no provision for "de minimis" participation. See also Guest v. Commissioner, 72 T.C. 768 (1979) (the statutory provision, which operates to disallow a deduction for a contribution to an IRA by an active participant

(continued...)

Petitioners also contend that even if Mrs. Brandkamp were an active participant in the MetLife plan, current section 219(g)(7) serves to immunize Mr. Brandkamp from disallowance of the deduction claimed for the contribution to his IRA.  We disagree.

Current section 219(g)(7) provides a special rule for a spouse who is not an active participant in a qualified pension plan.  Under this special rule, the deduction for such spouse's IRA contribution is reduced only when the spouses' modified AGI exceeds $150,000.  Although petitioners' modified AGI was only half that amount, section 219(g)(7) does not serve to allow the deduction in issue because this section is only applicable to tax years beginning after December 31, 1997.  See Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, secs. 6005(a)(1), 6024, 112 Stat. 685, 796, 826, amending sec. 301(b) and (c); Taxpayer Relief Act of 1997 (TRA '97), Pub. L. 105-34, 111 Stat. 788, 825.

Finally, petitioners appear to argue that the foregoing amendment was merely declaratory of existing law.  However, any such contention is clearly belied by the effective date provisions of TRA '97, sec. 301(c), 111 Stat. 825, and the RRA 1998, sec. 6024, 112 Stat. 826.  In addition, the legislative

---

[7](...continued)
in a qualified retirement plan, does not violate the Due Process Clause of the Fifth Amendment to the Constitution).

history of section 219(g)(7) makes clear that Congress knew that it was changing, and intended to change, the operative law. E.g., H. Conf. Rept. 105-220 at 378-379 (1997), 1997-4 C.B. (Vol. 2) 1471, 1848-1849. The following passage by the Staff of the Joint Comm. on Taxation from the General Explanation of Tax Legislation Enacted in 1997 at 42 (J. Comm. print) also demonstrates this fact:

*Present and Prior Law*

Under present and prior law, an individual may make deductible contributions to an individual retirement arrangement ("IRA") up to the lesser of $2,000 or the individual's compensation if the individual is not an active participant in an employer-sponsored retirement plan. Under present and prior law, in the case of a married couple, deductible IRA contributions of up to $2,000 can be made for each spouse * * * if the combined compensation of both spouses is at least equal to the contributed amount.

Under present and prior law, if the individual (or the individual's spouse) is an active participant in an employer-sponsored retirement plan, the $2,000 deduction limit is phased out over certain adjusted gross income ("AGI") levels. Under prior law, the limit was phased out between $40,000 and $50,000 of AGI for married taxpayers filing joint returns * * * .

* * * * * * *

*Reasons for Change*

The Congress believed it was appropriate to encourage individual saving and that deductible IRAs should be available to more individuals. * * *

* * * * * * *

*Explanation of Provision*

*In general*

The Act * * * modifies the AGI phase-out limits for an individual who is not an active participant in an employer-sponsored retirement plan but whose spouse is * * * .

\* \* \* \* \* \* \*

*Modification to active participant rule and increase income phase-out ranges for deductible IRAs*

\* \* \* \* \* \* \*

The following examples illustrate the income phase-out rules.

*Example 1.*--W is an active participant in an employer-sponsored retirement plan, and W's husband, H, is not. Further assume that the combined AGI of H and W for the year is $200,000. Neither W nor H is entitled to make deductible contributions to an IRA for the year.

*Example 2.*--Same as example 1, except that the combined AGI of W and H is $125,000. H can make deductible contributions to an IRA. However, a deductible contribution could not be made for W.

\* \* \* \* \* \* \*

*Effective Date*

The provisions are effective for taxable years beginning after December 31, 1997.

Although the result that we reach in this case may seem harsh to petitioners, we cannot ignore the plain language of the statute and, in effect, rewrite the statute to achieve what may seem to petitioners to be a more equitable result. See Hildebrand v. Commissioner, 683 F.2d 57, 59 (3d Cir. 1982), affg.

T.C. Memo. 1980-532; <u>Johnson v. Commissioner</u>, 661 F.2d 53, 54-55 (5th Cir. 1981), affg. 74 T.C. 1057 (1980).  The statute is unambiguous on this point.  Mrs. Brandkamp was an "active participant" in the MetLife plan, and petitioners' modified AGI exceeded $50,000.  Thus, petitioners are not entitled to any 1997 deduction for Mr. Brandkamp's contribution to his IRA for that year.  Respondent's determination on this matter is therefore sustained.

We have carefully considered remaining arguments made by petitioners for a result contrary to that expressed herein, and, to the extent not discussed above, we consider those arguments to be without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

In order to give effect to our disposition of the disputed issue, as well as the parties' concessions,

<u>Decision will be entered under Rule 155</u>.