T.C. Summary Opinion 2001-168

UNITED STATES TAX COURT

MARY HOLLAND TRULL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6162-00S.                    Filed October 23, 2001.

Mary Holland Trull, pro se.

<u>Amy Dyar Seals</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's 1996

Federal income tax in the amount of $560. This Court must decide whether petitioner is entitled to a deduction in the amount of $2,000 for a contribution to her individual retirement account (IRA) for the taxable year 1996.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Raleigh, North Carolina, at the time she filed her petition.

Petitioner Mary Holland Trull (petitioner) is a computer programmer. During 1996, petitioner was employed by Carolina Power and Light Company (CP&L) until January 17, when she was laid off. The official termination date on CP&L records is March 20, 1996. During her employment with CP&L, petitioner was covered by an employer pension plan. She was vested in the CP&L pension plan. Petitioner contributed $1,175.46 to the CP&L pension plan in 1996. Even though her employment was terminated, petitioner did not forfeit her right to the pension plan funds. After leaving CP&L, petitioner was employed by Wake County Hospital System, Inc. (WCHS) beginning February 26, 1996. Petitioner was not covered by the WCHS employer pension plan during 1996. Petitioner's adjusted gross income for the year in issue exceeded $35,000.

During 1996, petitioner also made a contribution in the amount of $2,000 to her IRA. She deducted the $2,000 IRA contribution on her 1996 Federal income tax return. She filed

her return as head of household.  Respondent disallowed the IRA deduction.

Petitioner contends that as soon as she ceased working for CP&L and was not eligible to participate in a qualified retirement plan with WCHS, she was entitled to the IRA deduction. Petitioner further contends that "all contributions to that [CP&L pension plan] in '96 were from their [CP&L's] severance and package deal."  Petitioner also relies on language found in IRS Publication 17 (IRS Pub. 17), "1996 Income Tax Guide For Individuals", which states that if a taxpayer receives benefits from a previous employer's plan and the taxpayer is not covered under a current employer's plan, then the taxpayer is not considered covered by a plan.  Respondent contends that during 1996 petitioner was an active participant in an employer pension plan regardless of the length of time she participated in the plan.  Because petitioner was an active participant and her adjusted gross income exceeded the applicable limit, respondent's position is that petitioner was not eligible to deduct a contribution made to an IRA in 1996 under section 219(g).

In general, under section 219(a), an individual is entitled to deduct the amount contributed to an IRA.  The amount of the deduction is limited to the lesser of $2,000 or an amount equal to the compensation includable in a taxpayer's gross income for the year.  Sec. 219(b)(1).  In addition, the amount of the

deduction may be limited if the taxpayer was, for any part of the taxable year, an active participant. Sec. 219(g)(1). An "active participant" is an individual who is an active participant in a section 401 or other employer pension plan. Sec. 219(g)(5). This limitation results in total disallowance of the deduction for a taxpayer filing as head of household when the total adjusted gross income exceeds $35,000. Sec. 219(g)(2) and (3). As relevant herein, adjusted gross income is determined without regard to any IRA deduction. Sec. 219(g)(3)(A).

An individual is an active participant in a defined benefit plan if for any portion of the plan year she is not excluded under the eligibility provisions of the plan. Sec. 1.219-2(b), Income Tax Regs. The determination of whether an individual is an active participant shall be made without regard to whether or not such an individual's rights under a plan are nonforfeitable. Sec. 219(g)(5); Hildebrand v. Commissioner, 683 F.2d 57, 58 (3d Cir. 1982), affg. T.C. Memo. 1980-532; Eanes v. Commissioner, 85 T.C. 168, 170 (1985). If an employee makes "a voluntary or mandatory contribution to * * * [an employer pension plan] such employee is an active participant in the plan for the taxable year in which such contribution is made." Sec. 1.219-2(e), Income Tax Regs.

CP&L's pension plan was a Stock Purchase-Savings Pension (401(k)) Plan which allowed contributions by the employee and

matching contributions by the employer.  Section 401(a) includes stock bonus plans, pension plans, and 401(k) cash and deferred arrangement plans.  Sec. 401(a), (k).  Therefore, the CP&L pension plan is a qualified plan under section 401(a).

Petitioner's 1996 Form W-2, Wage and Tax Statement, from CP&L indicates that she participated in the CP&L pension plan before her termination and that she made contributions which totaled $1,175.46.  Petitioner concedes that any money she contributed in the first weeks of 1996 before her termination went into the funds "already in the [CP&L pension] Plan", where it remained and she received a benefit.  Petitioner was not excluded from the eligibility provisions of the CP&L pension plan before her termination.  Petitioner made contributions to, and accrued benefits in, the CP&L pension plan during 1996.

Petitioner's reliance on IRS Pub. 17 is also misplaced.  The language in IRS Pub. 17 on which petitioner relies states that if a taxpayer receives benefits from a previous employer's pension plan and the taxpayer is not covered by a current employer's pension plan, then the taxpayer is not considered covered by a plan.  This was not the case with petitioner because she did not receive benefits from the CP&L pension plan during 1996.  In any event, the authoritative sources of Federal tax law are in the statutes, regulations, and judicial decisions, and not in such informal publications.  Zimmerman v. Commissioner, 71 T.C. 367,

371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979). It is the relevant language of the Internal Revenue Code which must be followed.

We find that petitioner was an active participant in an employer pension plan and hold that, because her adjusted gross income exceeded $35,000, she is not entitled to a deduction for her 1996 contribution to an IRA. Sec. 219(g)(1) and (2).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.