T.C. Summary Opinion 2007-165

UNITED STATES TAX COURT

JAMES G. AND ANITA M. FORRET, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4934-06S.          Filed September 24, 2007.

<u>Tamara M. Skoglund</u>, for petitioners.

<u>Frederic J. Fernandez</u>, <u>George W. Bezold</u>, and <u>Mark J. Miller</u>,
for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Pursuant to section
7463(b), the decision to be entered is not reviewable by any
other court, and this opinion shall not be treated as precedent
for any other case.  Unless otherwise indicated, subsequent

section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income taxes for the years 2003 and 2004 in the amounts of $2,925 and $3,246, respectively. The issue for decision is whether petitioners can deduct amounts deposited to a qualified simple retirement account during the taxable years at issue. The adjustments in the notice of deficiency to itemized deductions, personal exemptions, and alternative minimum tax are computational and will be resolved by the Court's holding in this case.

## Background

This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in New Berlin, Wisconsin. Unless otherwise indicated, all references to petitioner are to James Forret.

During the years at issue, petitioner was an employee of Total Lighting Sales, Inc. Total Lighting Sales, Inc. established a qualified simple retirement account under section 408(p), commonly referred to as a SIMPLE IRA. Petitioner deposited $9,000 and $10,500 to the SIMPLE IRA in 2003 and 2004,

respectively. Total Lighting Sales, Inc., did not reduce petitioner's salary to fund the deposits or make contributions on his behalf. Instead, petitioner made the deposits using funds drawn from his personal savings account.

On their joint 2003 and 2004 Federal income tax returns, petitioners claimed deductions for the amounts deposited into the SIMPLE IRA.[1] Respondent issued petitioners a notice of deficiency in December 2005, disallowing the claimed deduction for each year.

### Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). In certain circumstances, the burden of proof may shift to the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2). Because the facts are not in dispute, we decide this case without regard to the burden of proof.

A SIMPLE IRA is a retirement plan for small employers. Sec. 408(p)(2)(C)(i); Notice 98-4, 1998-1 C.B. 269. In general, contributions made to a SIMPLE IRA plan are not included in an employee's gross income. Sec. 402(h)(1), (k); Notice 98-4, Q&A I-1, 1998-1 C.B. at 275. Contributions can only be made under a

---

[1] Although petitioner deposited $10,500 to the SIMPLE IRA in 2004, petitioners claimed only a $9,315 deduction for that year.

qualified salary reduction arrangement.  Sec. 408(p)(1)(B).  As

is relevant here, a qualified salary reduction arrangement means

a written arrangement under which:

>  (i) an employee eligible to participate in the
> arrangement may elect to have the <u>employer</u> make
> payments--
>
>>  (I) as elective employer contributions to a simple
>> retirement account <u>on behalf of the employee</u>, or
>>
>>  (II) to the employee directly in cash,
>
>  \*       \*       \*       \*       \*       \*       \*
>
>  (iii) the employer is required to make a matching
> contribution to the simple retirement account \* \* \*,
> and
>
>  (iv) no contributions may be made other than
> contributions described in clause (i) or (iii).  [Sec.
> 408(p)(2)(A); emphasis added.]

Thus, an eligible employee can participate in the SIMPLE IRA

plan by having a portion of his salary deferred and contributed

to the plan, or the employee can choose not to participate and

receive his salary in the form of cash.  If an employee chooses

to participate in the plan, the only permissible contributions

are those made by the employer on behalf of the employee and the

employer's matching contributions.  Sec. 408(p)(2)(A)(iv).  An

employee cannot deduct amounts that he deposits directly to a

SIMPLE IRA plan.  Sec. 219(a) and (b)(4).

Petitioners concede that their lump-sum deposits do not

constitute valid contributions within the meaning of section

408(p).  Petitioners argue, however, that "The tax implications

would have been the same had the contributions been made through a salary deduction." According to petitioners, this is because contributions under a qualified salary reduction arrangement are made before tax. Petitioners contend that by using after tax money from petitioner's savings account and then deducting a corresponding amount, the same result is achieved and "the IRS is no worse off after this lump sum contribution than they would have been had the money been withheld monthly from Petitioners [sic] paychecks." Petitioners argue that they should not be penalized for making "an honest mistake".

While we are not unsympathetic to petitioners' position, such an equitable argument cannot overcome the plain meaning of the statute. See Eanes v. Commissioner, 85 T.C. 168, 171 (1985) (citing Hildebrand v. Commissioner, 683 F.2d 57, 59 (3d Cir. 1982), affg. T.C. Memo. 1980-532). As we have said in cases involving other statutes whose application has resulted in perceived unfairness, such issues are in the province of Congress, and we are not authorized to rewrite the statute. See, e.g., Kenseth v. Commissioner, 114 T.C. 399, 407-408 (2000), affd. 259 F.3d 881 (7th Cir. 2001) (and cases cited threat); see also Commissioner v. McCoy, 484 U.S. 3, 7 (1987) ("The Tax Court is a court of limited jurisdiction and lacks general equitable powers"). Accordingly, respondent's determination is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.