T.C. Memo. 2005-162


UNITED STATES TAX COURT


LINDA LOUISE LODDER-BECKERT AND TIMOTHY BECKERT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10752-04.                    Filed July 5, 2005.


        P stopped working in 1999 to attend college.  At
    that time, P had $34,656.29 in a public employees
    retirement system (PERS) account.  When she asked PERS
    to transfer that balance to an individual retirement
    account (IRA), she was advised that the Ohio General
    Assembly was actively pursuing legislation that would
    significantly increase the value of her PERS account.
    P deferred her transfer request and paid for her
    education with student loans and credit card debts.
    When the legislation was enacted in late 2000, P
    renewed her request for the transfer of the PERS
    balance (which on account of the legislation then
    totaled $81,513.38).  PERS completed the transfer on or
    about Jan. 2, 2001.  In 2001, P requested and received
    two distributions from her IRA.  P used part of the
    distributed amounts to pay down her credit card debts
    which were incurred to pay qualified higher education
    expenses for 1999 and 2000.
        <u>Held</u>:  Sec. 72(t)(2)(E), I.R.C., does not allow P
    to escape the additional tax of sec. 72(t)(1), I.R.C.,

as to any part of the distributions used for her 1999 and 2000 expenses; to escape that tax, sec. 72(t)(2)(E), I.R.C., requires that qualified higher education expenses be for the taxable year of the distribution.

Linda Louise Lodder-Beckert and Timothy Beckert, pro sese.

Terry Serena, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Petitioners petitioned the Court to redetermine a $2,476.35 deficiency in their 2001 Federal income tax and a related $929.84 late filing addition to tax under section 6651(a)(1).[1]  The deficiency stems in part from respondent's determination that petitioners are liable for a 10-percent additional tax under section 72(t)(1) on $20,000 that petitioner[2] received in 2001 through two distributions from her individual retirement account (IRA).  The deficiency also is attributable to respondent's determination that petitioners were not entitled to a $476.35 rate reduction credit.

Respondent concedes that petitioners are entitled to the rate reduction credit and that they are not liable for the

---

[1] Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] When used in the singular, the term "petitioner" refers to Linda Louise Lodder-Beckert.

addition to tax.  Respondent also concedes that $7,937 of the distributions is not subject to the additional tax under section 72(t)(1) by virtue of section 72(t)(2)(E) and the fact that petitioner used those funds during 2001 to pay $7,937 of qualified higher education expenses for that year.  Following these concessions, we are left to decide whether the remaining distributions totaling $12,063 (disputed distributions) are subject to the additional tax under section 72(t)(1); petitioner used part of those funds during 2001 to pay her qualified higher education expenses for 1999 and 2000.  We hold that the $12,063 is subject to the additional tax under section 72(t)(1) in that none of those funds was used by petitioner to pay qualified higher education expenses for 2001.

## FINDINGS OF FACT

Some facts were stipulated.  We incorporate herein by this reference the parties' stipulation of facts and the exhibits submitted therewith.  We find the stipulated facts accordingly.  Petitioners are husband and wife, and they filed a joint 2001 Federal income tax return.  They resided in Cincinnati, Ohio, when their petition was filed.

On August 18, 1999, petitioner stopped working for the University of Cincinnati (University) to attend college.  She had worked for the University for 18 years and had participated in the Public Employees Retirement System of Ohio (PERS).  When she

stopped working for the University, her PERS account had a balance of $34,665.66, all of which represented her contributions.

Petitioner desired to use the balance of her PERS account to pay for her college education and was told that she could receive that balance approximately 3 months after requesting it. She knew at the time that her withdrawal of those funds would subject the funds to an additional tax under section 72(t)(1) unless she used the funds to pay for her education. On August 19, 1999, she established an IRA and asked the trustee of PERS to transfer the $34,665.66 to the IRA. PERS replied through a letter dated November 9, 1999, that legislation was pending in the Ohio General Assembly that would retroactively add interest to her PERS account. The letter stated that the legislation, S. 144, 123d Gen. Assembly Reg. Sess. (Oh. 2000) (S. 144), had passed the Senate and had been forwarded to the House. The letter advised petitioner that she may wish to defer her withdrawal request until after the legislation was effective. Petitioner deferred her request for the transfer of funds.

From at or around the end of August 1999 through May 2001, petitioner attended the Art Academy of Cincinnati and, in the summer of 2000, the University. She graduated from the former school in May 2001 with a bachelor of fine arts. During 1999, 2000, and 2001, she incurred $7,250, $17,097, and $7,937 of

expenses, respectively (or $32,284 in total), for tuition, books, and supplies connected to her college education.  She paid the expenses of the earlier 2 years by borrowing $10,185 in student loans and by charging the $14,162 balance to her credit cards.

PERS notified petitioner through a letter dated October 5, 2000, that S. 144 had been passed by the Ohio General Assembly with an effective date of December 13, 2000.  The letter stated that allowable interest would be added to the balance of petitioner's contributions to PERS as of December 31, 1999.  The letter also stated that petitioner would receive an additional amount equal to 2/3 of the total of her contributions plus interest.  The letter estimated that the balance of petitioner's PERS account as of January 1, 2001, was $81,513.37.

In 2000, after the passage of S. 144, petitioner asked PERS to transfer her PERS balance (inclusive of the additional amounts) to her IRA.  By letter dated January 2, 2001, PERS notified petitioner that it had transferred $77,309.77 of the balance to her IRA and had enclosed a "warrant" in the amount of $4,203.61, which represented her previously taxed contributions. The letter stated that the total amount of $81,513.38 ($77,309.77 + $4,203.61) consisted of her accumulated contributions of $34,665.66 plus her allowable interest of $14,144.75 plus "applicable matching" of $32,702.97.

On January 8, 2001, petitioner withdrew $15,000 from her IRA. Approximately 5 months later, she withdrew another $5,000 from her IRA. She used $7,937 of the $20,000 ($15,000 + $5,000) to pay her qualified higher education expenses incurred in 2001. She also used part of the $20,000 to pay down her credit card debts consisting, in part, of her qualified higher education expenses that were charged to those cards before December 31, 2000.

Petitioners reported the $20,000 as gross income on their 2001 Federal income tax return, but they did not report or pay any additional tax under section 72(t)(1) with respect thereto. Respondent determined in the notice of deficiency that the $20,000 was subject to that additional tax. Respondent has since conceded that $7,937 of the distributions is not subject to the additional tax under section 72(t)(1) by virtue of section 72(t)(2)(E) and of the fact that petitioner used those funds during 2001 to pay $7,937 of her qualified higher education expenses for 2001.

                              OPINION

Respondent determined that the distributions made to petitioner out of her IRA were subject to the 10-percent additional tax of section 72(t)(1). As relevant here, section 72(t)(1) imposes that tax on an early distribution from an IRA. See also secs. 408(a), 4974(c)(4). Section 72(t)(2)(E) is an

exception to this rule. Section 72(t)(2)(E), added to the Code by the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 203(a), 111 Stat. 809, provides:

> (E) Distributions from individual retirement plans for higher education expenses.--Distributions to an individual from an individual retirement plan to the extent such distributions do not exceed the qualified higher education expenses (as defined in paragraph (7)) of the taxpayer for the taxable year. * * *

Petitioner has the burden of proving the applicability of section 72(t)(2)(E). See Matthews v. Commissioner, 92 T.C. 351, 361-362 (1989), affd. 907 F.2d 1173 (D.C. Cir. 1990).

Given respondent's concessions, we concern ourselves only with the question of whether the distributions not used for petitioner's qualified higher education expenses for 2001 fall within the exception of section 72(t)(2)(E). According to petitioner, all of her distributions (inclusive of the disputed distributions) are within the exception because her total distributions were less than her total qualified higher education expenses. Respondent argues that none of the disputed distributions fall within the exception. As respondent sees it, a literal reading of section 72(t)(2)(E) requires that the distributions and qualified higher education expenses be in the same year.

We agree with respondent. Because the statute is not unescapably ambiguous, we construe it according to its plain meaning. Allen v. Commissioner, 118 T.C. 1, 7 (2002). Section

72(t)(2)(E) states specifically that distributions are excepted from the additional tax to the extent that they do not exceed the qualified higher education expenses "for the taxable year." Because the distributions from petitioner's IRA occurred in 2001 and the disputed qualified higher education expenses were for 1999 and 2000, we conclude that the exception of section 72(t)(2)(E) does not apply to any portion of the disputed distributions.

Petitioner asks the Court to construe the statute equitably in her favor. We decline to do so. We must apply the law as Congress enacted it and may not rewrite it. See Hildebrand v. Commissioner, 683 F.2d 57, 59 (3d Cir. 1982), affg. T.C. Memo. 1980-532. We hesitate, however, to concur that the equities favor petitioner. The transfer to her IRA more than doubled by reason of her decision to defer it, and she would in a sense have it both ways if she were now permitted to escape the 10-percent additional tax as to the disputed distributions.

We sustain respondent's determination modified by his concessions. We have considered all arguments made by the parties and have rejected those arguments not discussed herein as meritless.

Decision will be entered
under Rule 155.