T.C. Summary Opinion 2005-93

UNITED STATES TAX COURT

MALIA KRISTY AMBATA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19572-04S.              Filed July 19, 2005.

Malia Kristy Ambata, pro se.

<u>Robert V. Boeshaar</u>, for respondent.

COHEN, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $1,720 in petitioner's Federal income tax for 2002. The issue for decision is whether petitioner's higher education expenses incurred in 2003 and 2004 can be applied to reduce the amount of a distribution in 2002 subject to the 10-percent additional tax of section 72(t)(1).

Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Spokane, Washington, at the time that she filed her petition.

Petitioner withdrew $17,200 from her individual retirement plan with Putnam Investments (Putnam) in 2002. Petitioner planned to use the money for college expenses. However, petitioner did not enroll in college until 2003.

Petitioner timely filed Form 1040A, U.S. Individual Income Tax Return, for 2002. Petitioner reported the $17,200 distribution from Putnam; however, she did not report the 10-percent additional tax under section 72(t)(2)(E). The IRS determined that petitioner received an early distribution from her qualified retirement plan and that the taxable amount of this early distribution was subject to a 10-percent additional tax on the taxable amount.

## Discussion

Under section 72(t), a 10-percent additional tax is imposed on early distributions from a qualified retirement plan for the taxable year in which the taxpayer receives the early distribution. Petitioner does not dispute that she received an early distribution from a qualified retirement plan in 2002.

The 10-percent additional tax, however, does not apply to certain distributions. Sec. 72(t)(2). Section 72(t)(2)(E) provides that the 10-percent additional tax on early distributions does not apply to "Distributions to an individual from an individual retirement plan to the extent such distributions do not exceed the qualified higher education expenses * * * of the taxpayer for the taxable year." An individual retirement plan is defined as an individual retirement account and an individual retirement annuity (collectively IRA) described in section 408(a) and (b), respectively. Sec. 7701(a)(37). Qualified higher education expenses for purposes of section 72(t)(2)(E) are defined by section 529(e)(3). Sec. 72(t)(7)(A).

The parties stipulated that petitioner's distribution was from an IRA. Additionally, respondent concedes that petitioner incurred qualified higher education expenses in 2003 and 2004. Petitioner contends that the higher education expenses incurred

in 2003 and 2004 should be used to reduce the amount of the distribution subject to the 10-percent additional tax in 2002.

Under the express language of the statute, the qualified higher education expenses must be incurred by the taxpayer in the taxable year of the distribution.  Sec. 72(t)(2)(E); Beckert v. Commissioner, T.C. Memo. 2005-162.  We have found no exception to this requirement.  Accordingly, petitioner's higher education expenses incurred in 2003 and 2004 cannot be applied to reduce the amount of the distribution in 2002 subject to the 10-percent additional tax.

To reflect the foregoing,

Decision will be entered

for respondent.