T.C. Memo. 2007-90

UNITED STATES TAX COURT

ROGER F. & MARY A. DURONIO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13719-04.               Filed April 17, 2007.

Roger F. Duronio and Mary A. Duronio, pro sese.

<u>Joseph J. Boylan</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined a $9,483 deficiency
(including a $1,990 10-percent additional tax under section
72(t)(1)) in petitioners' Federal income tax for 2002 and a
$1,897 section 6662(a) accuracy-related penalty.

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

The sole issue for decision is whether petitioners qualify for an exception under section 72(t)(2)(E) to a section 72(t)(1) 10-percent additional tax with respect to an early distribution from an individual retirement account (IRA).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioners resided in Bogota, New Jersey.

During the 2002 spring and fall semesters, petitioners' son attended New York University (NYU) full time and resided in an NYU dormitory.

In December of 2001, apparently out of family savings and resources, petitioners made an $18,000 tuition payment to NYU on behalf of their son.

In the fall of 2002, to finance his educational expenses, petitioners' son obtained a $19,263 student loan.

In 2002, neither petitioners nor their son made any repayments on the above student loan, and petitioners did not make tuition payments on behalf of their son.

Sometime in 2002, petitioner Mary Duronio received a $19,900 early distribution from her IRA. At the time of the distribution Mary had not attained age 59-1/2.

On petitioners' timely filed 2002 joint Federal income tax return, petitioners reported Mary's entire $19,900 early IRA distribution as taxable, but petitioners did not calculate thereon a section 72(t)(1) early distribution 10-percent additional tax.

On audit, respondent determined that the section 72(t)(1) 10-percent additional tax applied to Mary's $19,900 early IRA distribution.

OPINION

In general, a distribution from an IRA to a taxpayer prior to the taxpayer attaining age 59-1/2 is subject to a 10-percent additional tax on the taxable amount of the early distribution. Sec. 72(t)(1).

Among other exceptions not here relevant, a taxpayer may be able to reduce the amount of an early distribution from an IRA that is subject to the 10-percent additional tax by the amount of a taxpayer's qualified higher educational expenses paid in the year of the early distribution (educational exception).[1]  Sec. 72(t)(2)(E).

Generally, tuition, fees, books, supplies, equipment, and, in some circumstances, room and board relating to attendance by a

---

[1] The sec. 72(t)(2)(E) higher educational exception applies only to qualified plans that meet the sec. 7701(a)(37) definition of an individual retirement plan, i.e., individual retirement accounts and individual retirement annuities.

taxpayer and a taxpayer's children at an eligible educational institution qualify as educational expenses.  Sec. 72(t)(7); sec. 529(e)(3)(A) and (B).

Petitioners argue that because money is fungible petitioners' December 2001 $18,000 NYU tuition payment for their son should be deemed to have been funded not in 2001 but in 2002 by the $19,900 early IRA distribution Mary received.  Petitioners also appear to argue that they guaranteed their son's 2002 $19,263 student loan and that petitioners' loan guarantee should be treated as a $19,263 payment on their son's educational expenses.

Petitioners also allege that in 2002 petitioners paid other miscellaneous educational expenses of their son.

We reject petitioners' arguments.

Petitioners' December 2001 $18,000 tuition payment for their son may have necessitated Mary's $19,900 2002 early IRA distribution.  However, qualified higher educational expenses paid in a year other than the year of an early IRA distribution do not reduce the amount of the early distribution subject to the 10-percent additional tax.  See Lodder-Beckert v. Commissioner, T.C. Memo. 2005-162.

Because petitioners have not produced credible evidence that they guaranteed the $19,263 student loan their son obtained in 2002, we do not address the merits of petitioners' argument that

the alleged loan guarantee should be treated as a payment of their son's educational expenses.  Further, petitioners have not established that in 2002 petitioners paid any of their son's other educational expenses.

The Court suggested that petitioners contact NYU officials to obtain documentation relating to their son's student loans and educational expenses.  None has been provided.

Because petitioners have not established that in 2002 they paid qualified educational expenses, petitioners are liable for the $1,990 10-percent additional tax on the $19,900 early IRA distribution Mary received.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.