T.C. Summary Opinion 2016-40

UNITED STATES TAX COURT

PAUL PARISI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26257-13S.                          Filed August 9, 2016.

Paul Parisi, pro se.

Lauren B. Epstein and Randall B. Childs, for respondent.

SUMMARY OPINION

VASQUEZ, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, all section references are to the Internal Revenue Code

in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $2,796 deficiency[1] in petitioner's 2011 Federal income tax. The issues for decision are: (1) whether a 2011 withdrawal of $15,000 from petitioner's individual retirement account was a taxable distribution, and if so, (2) whether petitioner is liable for the 10% additional tax on the distribution under section 72(t).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in California at the time he filed the petition.

Petitioner, a high school teacher, was laid off from his job in Barstow, California, at the end of the 2009 school year. He remained unemployed until sometime in 2011. In 2011 petitioner, who was 50 years old at the time of trial,

---

[1] Respondent adjusted petitioner's miscellaneous itemized deductions because after adjustments to petitioner's gross income, the aggregate amount of those deductions did not exceed the 2% floor of sec. 67(a). The adjustment to petitioner's miscellaneous itemized deductions is a computational matter, the resolution of which depends on our disposition of the two disputed issues identified above.

withdrew $15,000 from an individual retirement account (IRA) he had with Charles Schwab & Co., Inc. (Charles Schwab).

In 2011 Petitioner started pursuing certifications in software programs offered by Adobe Systems, Inc. (Adobe). That year he took two online exams called "Visual Communication using Adobe Photoshop CS5" offered by a company called Certiport, neither of which he passed. In 2012 he passed this exam and received a certificate recognizing him as an Adobe certified associate in visual communication using Adobe Photoshop CS5. Petitioner also took various online computer training courses at Valencia College and Piedmont Community College in 2012 and 2013. The skills petitioner developed through his online education helped him obtain a teaching position in Florida, where he was employed at the time of trial.

Charles Schwab issued petitioner a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for 2011. The Form 1099-R reported that he had received a $15,000 distribution from his IRA. Petitioner timely filed his 2011 income tax return but did not report the distribution.

Discussion

I.      Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  The burden of proof shifts to the Commissioner, however, if the taxpayer produces credible evidence to support the deduction or position, the taxpayer complied with the substantiation requirements, and the taxpayer cooperated with the Secretary[2] with regard to all reasonable requests for information.  Sec. 7491(a); see also Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).

Petitioner does not contend that section 7491(a)(1) should shift the burden here, and the record establishes that he did not satisfy the section 7491(a)(2)

---

[2]  The term "Secretary" means "the Secretary of the Treasury or his delegate", sec. 7701(a)(11)(B), and the term "or his delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context", sec. 7701(a)(12)(A)(i).

requirements.[3]  Consequently, petitioner bears the burden of proof as to any disputed factual issue.  See Rule 142(a).

Under section 6201(d), if a taxpayer asserts a reasonable dispute with respect to an item of income reported on an information return filed by a third party and the taxpayer meets certain other requirements, the Commissioner bears the burden of producing reasonable and probative evidence, in addition to the information return, concerning the deficiency attributable to the income item. Petitioner has not raised any reasonable dispute with respect to the accuracy of the information return.  Consequently, the burden of production with respect to the income did not shift to respondent under section 6201(d).

## II.    IRA Distribution Includible in Gross Income

We first address whether the IRA distribution is includible in petitioner's gross income for the 2011 tax year.  Respondent argues that petitioner failed to establish that any portion of the distribution is nontaxable.

Subject to certain exceptions, amounts distributed from an IRA are includible in a taxpayer's gross income as provided in section 72.  Sec. 408(d)(1). Petitioner, who admits to receiving the IRA distribution in 2011, has neither

_____

[3]  At trial we ordered both parties to file posttrial opening briefs.  Petitioner failed to do so.

argued nor established that an exception applies. Accordingly, the distribution is includible in the calculation of petitioner's taxable income.

III.    Section 72(t) Additional Tax

We now address whether petitioner is liable for the 10% additional tax on the IRA distribution imposed by section 72(t). Petitioner, who was 50 years old at the time of trial, argues that the exception for qualified higher education expenses under section 72(t)(2)(E) applies to him. Respondent argues that petitioner failed to establish that he had qualified higher education expenses for 2011. For the reasons set forth below, we agree with respondent.

Section 72(t)(1) imposes a 10% additional tax on the taxable amount of an early distribution from a qualified retirement plan (as defined in section 4974(c)).[4] A distribution is early if made to an employee who has not attained age 59-1/2. Sec. 72(t)(2)(A)(i). Among other exceptions not here relevant, a taxpayer may be able to reduce the amount of an early distribution from an IRA that is subject to the 10% additional tax by the amount of a taxpayer's qualified higher education expenses paid in the year of the early distribution.[5] Sec. 72(t)(2)(E). Qualified

---

[4] The term "qualified retirement plan" includes an individual retirement account described in sec. 408(a). Sec. 4974(c)(4).

[5] The sec. 72(t)(2)(E) higher education exception applies only to qualified

(continued...)

higher education expenses paid in a year other than the year of an early IRA distribution do not reduce the amount of the early distribution subject to the 10% additional tax. See id.; Lodder-Beckert v. Commissioner, T.C. Memo. 2005-162.

In general, "qualified higher education expenses" means qualified higher education expenses (as defined in section 529(e)(3)) for education furnished to the taxpayer, the taxpayer's spouse, or any child of the taxpayer or the taxpayer's spouse, at an eligible educational institution. Sec. 72(t)(7). These include tuition, fees, books, supplies, and equipment. Sec. 529(e)(3)(A)(i). In the case of an individual who is an eligible student (as defined in section 25A(b)(3)) for any academic period, the term also includes reasonable costs for the period (as determined under the qualified tuition program) for room and board while attending an eligible educational institution. Sec. 529(e)(3)(B)(i). In general, the term "eligible student" means, with respect to any academic period, a student who is enrolled at least half time in a degree or certificate program at an eligible institution of higher education. See secs. 529(e)(3)(B)(i), 25A(b)(3); 20 U.S.C. sec. 1091(a)(1) (2006).

---

[5](...continued)
plans that meet the sec. 7701(a)(37) definition of an individual retirement plan, i.e., individual retirement accounts and individual retirement annuities.

Petitioner argues that he had qualified higher education expenses because he was pursuing Adobe certifications in 2011. However, petitioner failed to introduce any evidence that he was actually enrolled in an eligible educational institution in 2011. While petitioner took two online Adobe certification exams that year, he offered no testimony or other evidence specifying what courses he took, if any, to prepare for these exams. Furthermore, with the exception of a printout from Certiport's Web site showing that an "Adobe Certified Associate Exam Voucher" costs $95,[6] petitioner neither specified nor substantiated education-related expenses for tuition, fees, supplies, or equipment for 2011.[7]

At trial petitioner suggested that his rent payments constitute qualified higher education expenses. However, since nothing in the record indicates that petitioner was enrolled at least half time in an eligible educational institution in 2011, we cannot conclude that he was an "eligible student" under sections

---

[6] This undated document is of no help to petitioner given the absence of evidence that he was enrolled in any courses in 2011.

[7] In contrast, petitioner was able to produce numerous documents evidencing that he took technology courses offered by Valencia College and Piedmont Community College in 2012 and 2013. Even if petitioner had specified the amounts of his expenses pertaining to this coursework (which he did not), those expenses would not reduce the amount of the early distribution subject to the sec. 72(t) additional tax because they were not incurred in 2011.

529(e)(3)(B)(i) and 25A(b)(3).[8]  Consequently, petitioner's 2011 rent payments do not constitute "room and board" under section 529(e)(3)(B)(i).

Accordingly, we hold that petitioner did not have qualified higher education expenses under section 72(t)(2)(E).  In reaching our holdings herein, we have considered all arguments made, and to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.

---

[8]  Because petitioner failed to substantiate any expenses for education for 2011, we need not decide whether Adobe's online certification training program constitutes an "eligible educational institution" under secs. 72(t)(7) and 529(e)(5).